THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK GUNTNER, Appellant, v. HENRY MURRAY, a Police Justice of the City of New York, Respondent.

*Criminal Procedure — a conviction of a prisoner as a disorderly person cannot be reviewed by* certiorari *— in all criminal actions and proceedings the remedy is by appeal — Code of Criminal Procedure, sec* 515.

The writ of *certiorari* is not a proper method by which to review a determination made by a police justice of the city of New York upon committing a prisoner as a disorderly person.

The practice to be followed in such a review is laid down in section 515 of the Code of Criminal Procedure, as amended by chapter 372, Laws of 1884, and is by appeal.

By said amendment writs of error and of *certiorari* were abolished, not only in criminal actions, but in proceedings, and special proceedings, of a criminal nature.

Certiorari allowed March 25, 1891, to review the determination of the respondent as a police justice in the city of New York, in convicting the relator for disorderly conduct, and sentencing him as follows: "Fined, $1,000, bonds for his good behavior for six months; imprisonment not to exceed six months.   H. M."

*John Fennel*, for the relator.

*David Welch* and *De Lancey Nicoll*, for the respondent.

Van Brunt, P. J.:

It is manifest that there is no power in this court to review in the manner sought by this proceeding the action of the respondent.

The very satisfactory opinion of the learned Recorder Smyth in the case of the *People ex rel. Vitan* v. *Vitan* (20 Abb. N. C., 298), shows conclusively that the only method of review is by appeal.

Our attention is called to the case of the *People ex rel. Scherer* v. *Walsh* (33 Hun, 345), in support of the jurisdiction of this court, in which it was held that by section 515 of the Code of Criminal Procedure writs of *certiorari* in criminal actions as they have heretofore existed were abolished, and a review could only be had by appeal; but that the section referred only to criminal actions as defined by the Code, and that a proceeding before a committing magistrate was not a criminal action, but a special proceeding of a criminal nature, and hence section 515 did not apply, but the law remained as it existed prior to the Criminal Code.

In 1884 (chap. 372 of Laws of 1884), however, section 515 of the Code of Criminal Procedure was amended and its provisions extended to abolishing writs of error and *certiorari*, not only in criminal actions, but in proceedings and special proceedings of a criminal nature entirely covering the case referred to in the case of *Scherer* v. *Walsh* (*supra*).

It is true that that case was decided in September, 1884, but it does not appear that the attention of the court was called to the amendment which had taken place in the Code of Criminal Procedure.

The writ should, therefore, be dismissed, with costs.

Daniels and Ingraham, JJ., concurred.

Writ dismissed, with costs.