The People of the State of New York ex rel. Gregory Semenoff, Relator, *v.* Percival E. Nagle, Sheriff of the County of New York, Respondent.

Supreme Court, New York Special Term, April, 1922.

Certiorari — writ to inquire into cause of detention — warrant of arrest — refusal of judge acting within his jurisdiction to vacate — when writ of certiorari will not be sustained.

The writ of certiorari to inquire into the cause of detention of persons held in the custody of the law has not been abolished notwithstanding what appears to be a declaration to that effect in section 1283 of the Civil Practice Act, but the writ has been preserved by section 1230 of said act.

Under section 77 of the Civil Practice Act such a writ may be sued out in the alternative to meet the situation of the relator, and in some cases either it or a writ of habeas corpus may be resorted to after the failure of the other to accomplish the desired end.

Where it is clear that a justice of the Supreme Court in refusing to set aside a warrant of arrest, in execution of which relator was committed to jail, acted within his jurisdiction in holding that the warrant should stand and that relator's remedy was by an appeal from the order denying his motion to vacate the warrant and such an appeal has been taken, the court at Special Term upon finding that the offense for which relator is imprisoned is bailable will not sustain a writ of certiorari.

Writ of certiorari.

*Clark, Prentice & Roulstone,* for relator.

*David W. Kahn (Edward S. Greenbaum,* of counsel), for John N. Boyle, trustee, etc.

*John B. Campbell,* for the sheriff.

Cohalan, J. This is the return of a writ of certiorari sued out in behalf of the above named, Gregory Semenoff, who is in the custody of the sheriff of the county of New York under a warrant of arrest made and executed in the case of *Boyle* v. *Semenoff.* It seems that defendant was arrested and confined in Ludlow street

jail, and that bail was fixed by the court in the sum of $25,000. A bond for this amount was given and defendant was discharged, but he was afterward surrendered by his surety, and since that time neither he nor his friends acting upon his behalf have been able to arrange for his bail. Subsequently a motion was made to set aside the warrant of arrest upon the grounds that there was no evidence of any cause of action against the defendant and that the court was wholly without jurisdiction to issue the warrant. This motion came on before Mr. Justice Delehanty on Friday last, and after a full hearing was denied by him. This writ was then sued out, and has been returned and argument made upon it. Some question has been made as to whether or not a writ of this kind is the proper procedure under the Civil Practice Act, and before coming to the merits of the motion itself, I shall deal with the question of procedure. This writ has not been abolished, in spite of what appears to be a declaration to that effect in section 1283 of the Civil Practice Act. That section provides that the relief heretofore obtained by such writ under the provisions of the Code of Civil Procedure shall hereafter be obtained by an order as provided in this article. " Wherever in any statute reference is made to a writ of certiorari, such reference, when heretofore referring to a writ of certiorari as regulated by article seven of title two of chapter sixteen of the code of civil procedure, shall be deemed to refer to a certiorari order as provided in this article, and the relief given by any such statute by means of a writ shall be obtained by an order as provided in this article."

This proceeding is not brought under section 1283, but under section 1230, providing for a writ of habeas corpus, or a writ of certiorari " for the purpose of inquiring into the cause of the imprisonment or restraint, and in a case prescribed by law, of delivering him therefrom." As a matter of fact there were until the Civil Practice Act came into existence two different proceedings which were referred to as writs of certiorari. The distinction between them — one being a proceeding to review and the other a proceeding to examine and inquire into the cause of detention — are set forth very clearly in the able opinion of Mr. Justice Smith in *People ex rel. Taylor* v. *Seaman,* 8 Misc. Rep. 152. As he says: " By section 1991 of the Code of Civil Procedure, state writs are enumerated. Among them is the writ of habeas corpus    *    *    * and the writ of certiorari, to inquire into the cause of detention    *    *    * and the writ of certiorari to review the determination of an inferior tribunal, which may be called a writ of review. It will thus be seen that the writ of certiorari to inquire into the cause of detention and the writ of certiorari to review the determination of

an inferior tribunal are two separate and distinct writs. The latter writ, which I will call the writ of review, can be issued only by the court in General or Special Term; is directed to the inferior tribunal; the return is made to the clerk and the argument upon the return must be heard at General Term. It is, as its name indicates, a writ of review, under which the determination arrived at may be reviewed by the General Term, and the evidence before the tribunal may be examined to see if it authorizes the conclusion reached. * * * The writ of certiorari to inquire into the cause of detention, however, is not in its nature essentially a writ of review. The writ is directed to the sheriff or person having the prisoner in custody. He is required to return to the judge issuing the writ by what right he holds the custody of the person detained. Under this requirement he returns simply the commitment. * * * He has not possession of the evidence upon which that commitment was granted. He cannot certify any such evidence, nor is he required so to do. * * * Under the writ of habeas corpus, the body of the person must be produced. *. * * If the offense is not bailable, there is no necessity of the presence of the detained prisoner upon the argument, and a writ of certiorari may be issued, which calls for precisely the same return from the custodian, but does not bring the body of the detained person. Under that writ, then, the same questions arise, the same facts appear for determination, and the same limitation rests upon the power of the court as upon the writ of habeas corpus."

This latter writ, to wit, the one to examine and inquire into the cause of detention, is the one which has been preserved under section 1230 of the Civil Practice Act, and it is the papers under such a writ upon which I am now asked to pass. A careful reading of article 77 of the Civil Practice Act makes clear that the writs of habeas corpus or certiorari provided for therein may be sued out in the alternative to meet the situation of the relator, and that in some cases each may be resorted to after the failure of the other to accomplish the desired end.

If that be the construction finally placed upon the article it will tend to make greater the recourse to this writ of certiorari as the readiest mode of examining and inquiring into the cause of detention of persons held in the custody of the law. It seems probable that more and more, if the Civil Practice Act remains unamended, it will take the place formerly filled by the writ of habeas corpus, as the latter writ, while in theory remaining one that may continue to be easily turned to on all occasions for the purpose of inquiring into the cause of detention, has been as a matter of fact so far restricted by the conditions imposed by the requirements as to giving an

undertaking as to have its use, to all intents and purposes, greatly restricted. Whether or not this shall turn out to be a real reform or a hardship — to the extent that it interferes with one of the cherished rights of the people — time and experience alone will show.

As to the merits of the application herein, I have before me, upon the writ and the return made thereto, the petition and the order of arrest with the accompanying papers upon which the sheriff holds the relator in custody. I find upon an examination of the records that an order of arrest was granted in the case of *Boyle* v. *Semenoff* on the fourth day of April, and that the defendant was taken into custody by the sheriff of New York county on April sixth. A motion was made subsequently to vacate the order of arrest, and argument upon it was had on Friday last before Mr. Justice Delehanty. He held that the papers were sufficient and that the defendant was legally in the custody of the sheriff. To now sustain the writ and discharge the prisoner would be equivalent to setting aside the decision of a court of co-ordinate jurisdiction, and upon an application of this kind to do that which in the orderly procedure of the courts, if it be done at all, should be done by an appeal to the Appellate Division of this court. I recognize clearly the limitations that have been set by the courts on comity, and realize that it is not a rule of law, but one of a question of practice and expediency; that it is intended to authorize and not to command; that the primary duty of every court is to dispose of cases according to the law and the facts, and that each judge is bound to act according to his own convictions, and with due regard to the rights of all litigants. This is all set forth very clearly in the opinion of the Supreme Court of the United States in the case of *Mast, Foos & Co.* v. *Stover Mfg. Co.*, 177 U. S. 485. But, in the last analysis, what I am called on to do here is not to review the decision of another part of this court, but to inquire into the cause of detention of the relator and determine whether or not the return to me is assailable upon jurisdictional grounds. It is clear to me that Mr. Justice Delehanty acted entirely within his jurisdiction in holding that the warrant of arrest should stand, and that the remedy open to the relator is that of which he has in fact already availed himself, to pursue the appeal he has taken to the Appellate Division. Upon these grounds and because I find the cause of offense for which the party is imprisoned is bailable the writ of certiorari will not be sustained. Enter order accordingly.

Ordered accordingly.