In the Matter of the Application of JOHN J. BENNETT, JR., Individually and as Attorney-General of the State of New York, Petitioner, for a Peremptory Order against HENRY B. MERRITT, Individually and as Special County Judge of Orange County, and the COUNTY COURT OF ORANGE COUNTY, Respondents.

MICHAEL A. DEVASTO, Impleaded Respondent.

Supreme Court, Extraordinary Trial and Special Term, Orange County, March 5, 1940.

*Edward G. O' Neill, Assistant Attorney-General,* for the petitioner.

*Henry. Grusky,* for Michael A. DeVasto, opposed.

*Henry Hirschberg, District Attorney of Orange County,* opposed.

PERSONIUS, J. This is an application for an order requiring Hon. HENRY B. MERRITT, Special County Judge of Orange county, and the County Court of Orange County to vacate, annul and set aside the suspension of the execution of the sentence imposed upon Michael A. DeVasto. On the return of the order to show cause herein said DeVasto appeared and by order was admitted as a party to the proceeding. (Civ. Prac. Act, § 1298.) He filed an answer. No issue of fact is raised. Only issues of law are involved.

It appears that the respondent Hon. HENRY B. MERRITT is the Special County Judge of Orange county; that Michael A. DeVasto was indicted charged in two counts with assault in the first degree, and with a felony, to wit, carrying a concealed weapon without a license after having been previously convicted of a crime (Penal Law, § 1897, subd. 5); that upon the trial he was found guilty of assault in the second degree and also as charged in the second count; that thereafter the respondent, as Special County Judge, sentenced said DeVasto to State prison for a term of not less than three years and six months nor more than seven years on the second count of the indictment and for a term of not less than two years and six months nor more than five years on the first count thereof, " sentences to run concurrently. Execution of both sentences suspended.

Placed on probation for a period of five (5) years." It is alleged and not denied that the defendant was convicted of a felony committed *while armed with a pistol,* and argued that, therefore, the suspension of his sentence was illegal.

The common-law power of courts to suspend sentence or the execution thereof is now regulated by statute. (Penal Law, § 2188.) All references are to the Penal Law unless otherwise indicated.

Clause (c) of section 2188 provides that neither sentence nor the execution thereof shall be suspended, nor the defendant placed on probation, " (c) if the person is convicted of a felony committed while armed with a weapon as provided in section nineteen hundred and forty-four," which refers to persons committing a crime while " armed with a pistol." The petitioner, therefore, says that the suspension of the execution of the sentences imposed upon said DeVasto was contrary to law; that the respondent here had no power or authority to grant such suspension, and asks that he be ordered to vacate, annul and set it aside.

Under sections 2188 and 1944 (prior to the latter's amendment in 1936) the County Court had no power to suspend the execution of the defendant's sentence and place him on probation. (*Matter of Stebbins* v. *Sherwood,* 148 Misc. 763; affd., 241 App. Div. 615; *People* v. *Caruso,* 249 N. Y. 302; *People* v. *Procito,* 261 id. 376.) The defendant and the district attorney argue that since the amendment to section 1944 by chapter 53 of the Laws of 1936 it is only the sentence for " additional " imprisonment, if any is given, under section 1944 which cannot be suspended. With this argument we cannot agree.

Section 1944, added in 1926, made increased imprisonment *mandatory* for a defendant convicted of a felony committed while armed with a pistol, etc. By the amendment of 1936 such increased imprisonment was made *discretionary* with the court. When the increased imprisonment was mandatory, the sentence therefor could not be suspended, and when the increased imprisonment became discretionary, the increase, if imposed, could not be suspended.

Section 1944 " deals with probation (and suspension) only as probation affects the increased term imposed for carrying a weapon *and does not assume to regulate the subject of probation (or suspension) in relation to the punishment for the felony.*" (*People* v. *Procito,* 261 N. Y. 376, 378.) (Italics supplied.) " Section 2188 is more comprehensive than the injunction included within section 1944." It provides: " Neither sentence nor the execution thereof, shall be suspended, nor the defendant placed on probation * * *

(c) if the person is convicted of a felony committed while armed with a weapon as provided in section nineteen hundred and forty-four." This injunction covers the *ordinary* punishment or sentence for the felony. " When section 1944 and section 2188 are read together the result is a prohibition, at the time of conviction, against suspension of sentence, suspension of the execution of the sentence and probation for the felony *itself* and a like prohibition against the suspension of the *increased* punishment for carrying a weapon or probation in respect to such increased punishment." (*People* v. *Procito,* 261 N. Y. 376, 379.) (Italics supplied.) The Legislature intended that a person convicted of a felony committed while armed should actually serve his sentence for the felony itself, and, if given an additional term because he was so armed, should actually serve that term.

We cannot follow the defendant's argument that the amendment of 1936 to section 1944 (making the additional imprisonment for a felony committed while armed discretionary instead of mandatory) limits the injunction against suspension, contained in section 2188, to instances *where the court has imposed an additional term under the former section.* Clause (c) of section 2188 forbids probation or suspension of sentence where the defendant has been " convicted of " a felony committed while armed with a weapon as provided by section 1944, not where the defendant has been " sentenced " to additional imprisonment under section 1944. The defendant would change the words " convicted of " to " sentenced for " or add the words " and given an additional sentence thereunder." This we may not do. The words in clause (c) of section 2188, " armed with a weapon as provided in section nineteen hundred and forty-four," refer to the character of the weapon, whether the defendant is or is not given the additional imprisonment. If the injunction against probation and suspension contained in clause (c) of section 2188 is no broader than that contained in section 1944, the former has no purpose.

The injunction contained in section 1944 was necessary when enacted in 1926. The broader injunction (§ 2188, cl. [c]) was not enacted until 1928.

Section 2500 provides that no provision of the Penal Law " shall be deemed repealed, altered or amended " by any subsequent statute inconsistent therewith, unless such statute shall *explicitly* refer to and *directly* repeal, alter or amend the former provision. Clause (c) of section 2188 and section 1944 may overlap. The former may include the injunctions in the latter, but they are not inconsistent. Neither the enactment of the former nor the amendment of the latter can be said to have repealed, altered or amended the other

It must be borne in mind that section 1944 is contained in article 174, which has to do with "punishment," that is, persons liable to punishment and the term to be imposed, etc., while section 2188 is contained in article 196, which has to do with "sentence," that is, the place of imprisonment, suspension and service of sentence, etc.

We conclude that the injunction against probation or suspension contained in section 1944 applies to increased terms of imprisonment given thereunder, and that the similar injunction contained in clause (c) of section 2188 applies to the normal punishment prescribed for all felonies, if not to both. The respondent was without power to suspend the execution of the sentence imposed for assault in the second degree.

Is this true as to the sentence for violating subdivision 5 of section 1897? Having or carrying the firearm is an essential element of the crime. Does this bring a defendant convicted thereof within the term "convicted of a felony committed while aimed with a weapon?" We think not. We find and have been cited to no authorities. By "felony committed while armed," we think the Legislature intended a felony committed while armed with a weapon capable of being used for coercion, injury or harm in carrying out the felony or in attempting to escape after its commission. It contemplated some felony other than merely carrying a concealed firearm. That act in itself is made a felony by subdivision 5 of section 1897, but in sections 1944 and 2188 it seems clear that the Legislature had in mind some other felony like assault, burglary or robbery in the commission of which the possession of the weapon was or might be a means rather than itself constitute the felony. The respondent could, therefore, suspend the execution of the sentence under the second count.

The authority of the Attorney-General to maintain this proceeding is challenged. The defendant says in effect that each district attorney is charged with the enforcement of the criminal law in his county, *to the exclusion of the Attorney-General,* unless the latter is required to act, by the Governor, under subdivision 2 of section 62 of the Executive Law.

The authority of the Governor to compel the Attorney-General to act does not negative the latter's authority, if any, to act voluntarily.

The authorities seem to sustain the Attorney-General's power to maintain the proceeding. (*People* v. *Tru-Sport Publishing Co., Inc.,* 160 Misc. 628, 636–639; *People* v. *Kramer,* 33 id. 209; *People* v. *Fuller,* 156 id. 404, 423 *et seq.; People* v. *Brennan,* 69 id. 548; *People* v. *Glasser,* 60 id. 410, 414. See, also, *Matter of Moore* v.

*Thorn,* 245 App. Div. 180; 270 N. Y. 502; *People* v. *Miner,* 2 Lans. 396, 399.) In *People* v. *Fuller* (*supra*) the court said (p. 424): " He [Attorney-General] must be held, therefore, to have all the powers belonging to the office at common law, and such additional powers as the Legislature has seen fit to confer upon him  *  *  *." In *People* v. *Tru-Sport Publishing Co., Inc.* (*supra*), after examining at length the origin and functions of the two offices, Justice BREWSTER said (at p. 637): " The researches  *  *  * disclose that the office of Attorney-General existed at common law, and the incumbent had the power and duty of appearing in any matter or proceeding, civil or criminal, wherein the sovereign was interested  *  *  *." All those powers and prerogatives were retained by that office upon its inauguration into the organization of our State government, and there they still exist along with the powers since granted to it, except only as they have been expressly abrogated by statutory enactment or by a reasonable intendment so to do necessarily implied from such enactment. As regards the powers of the Attorney-General as the general public prosecutor  *  *  * he is still supreme in so far as any legislative enactments have expressly taken away or limited that power. No express shearing away of any of his ancient powers can be found." Again (at p. 638): " ' By a succession of constitutional provisions and legislative enactments, the right of the Attorney-General to prosecute and conduct criminal actions  *  *  * is declared and recognized. No one of his powers or duties has been abrogated by statute. The district attorney, by statute and by long continued practice, has succeeded to some of the powers of the Attorney-General within the respective counties but he has not supplanted him.' "

True, Mr. Justice BREWSTER said (at p. 638): " We have here no question of prerogative as between the two offices  *  *  *. We have only the question of their right to co-operate in a given case and, by so doing, to share the prerogatives in a way agreeable to the incumbents and to the grand jury." However, he did not base his decision upon the fact that the Attorney-General and the district attorney were there co-operating. Wherein does this lack of co-operation detract in any way from the power of the Attorney-General to act? How can the request or co-operation of the district attorney add to the latter's power or authority?

The Attorney-General and the district attorney have concurrent authority and power. It may well be that the one first acting thereby acquires exclusive authority, as with courts having concurrent jurisdiction.

The defendant cites *Matter of Lewis* v. *Carter* (220 N. Y. 8). It holds that the authority and power of a district attorney in a

criminal prosecution does not end with the conviction of a defendant, but that he is under the duty to see that legal judgment is rendered, upheld and enforced. It does not hold that the Attorney-General does not have the same concurrent power and authority.

The defendant argues that, if the Attorney-General has the reserved power to appear in each county, there is no reason why he may not appear in any criminal action even during the trial. This may be a theoretical, but is not a probable, result.

Petitioner also argues that he has the right to maintain this proceeding as a citizen. The defendant says a citizen can maintain the proceeding only where he has a special interest or to enforce an administrative act. The authorities do not seem to bear out the latter contention. (*Matter of Andresen* v. *Rice*, 277 N. Y. 271, 281; *People ex rel. Boltzer* v. *Daley*, 37 Hun, 461; *People ex rel. O'Brien* v. *Van Wyck*, 27 Misc. 439; *Matter of Kornbluth* v. *Rice*, 250 App. Div. 654, 656; *People ex rel. Weatherwax* v. *Watt*, 115 Misc. 120, 127; affd., 197 App. Div. 929; 10 Carmody's New York Practice, 672.) It would seem to require no argument to show that the enforcement of the criminal law, including the imposition of the sentence required by statute, is a matter of public concern, of interest to every citizen. " In the case of the refusal of public officers to perform a public duty imposed upon them by law, the wrongful refusal of the officers to act is no more the concern of one citizen than another, like many other public offenses. It is at least the right, if not the duty, of every citizen to interfere and see that a public offense be properly pursued and punished, and that a public grievance be remedied." (*People ex rel. O'Brien* v. *Van Wyck*, supra.) A public officer may be required " to rescind an illegal act," as well as to perform a legal duty. (*Matter of Kornbluth* v. *Rice*, 250 N. Y. 654, 656.)

The petitioner also argues that the Attorney-General has the authority and duty to bring this proceeding under the executive order designating him to appear at this Extraordinary Term. That order required the Attorney-General to attend for the purpose of conducting any and all proceedings before the grand jury relating to all unlawful acts of any person, including any public officer, in connection with neglect of duty on the part of any public officer. The suspension of the defendant's sentence for assault was, as we have held, an illegal act on the part of respondent. His failure to rescind such act savors of neglect of duty. To neglect means simply to omit. Reading the Governor's designation literally, the respondent's suspension of the defendant's sentence and failure to vacate the same might be considered illegal and negligent acts. However, we do not rest our decision thereon.

This proceeding under article 78 of the Civil Practice Act (formerly mandamus) is the proper remedy. (*Matter of Dodd* v. *Martin*, 248 N. Y. 394; *Matter of Cropsey* v. *Tiernan*, 172 App. Div. 435.) In *Matter of Lewis* v. *Carter* (220 N. Y. 8, 13) the court said: " We have decided that the district attorney of Kings county is authorized to institute the present proceeding." If he was, the Attorney-General, under his concurrent power and authority, is authorized to institute this proceeding.

An order is granted directing Hon. HENRY B. MERRITT, as Special County Judge of Orange county, and the County Court of Orange County to vacate, annul and set aside the suspension of the sentence imposed upon said Michael A. DeVasto on his conviction of assault in the second degree under the first count of the indictment against him and the order placing him on probation thereunder.

Submit order accordingly.