The People of the State of New York ex rel. Raymond Seymour, Relator, *v.* William Hunt, as Warden of Attica State Prison, and Frederick A. Moran, as a Member of the New York State Prison Parole Board, Respondents.

Supreme Court, Wyoming County, September 4, 1941.

*Raymond Seymour*, relator, in person.

*John J. Bennett, Jr.*, *Attorney-General* [*Irene O'Sullivan* of counsel], for the respondents.

Hinkley, J. Relator presented to the court a large number of papers and documents at the time of his application for relief. Unable to determine definitely the relief that relator sought, the court granted a writ of habeas corpus.

Upon the return of such writ it was and still is difficult to determine relator's contentions. As the court understands them, however, relator criticises the action of the Board of Parole in its determination of the amount of his delinquent time. Taking the most favorable view, the court is unable at this time to afford him relief on a writ of habeas corpus. For even under the claim of relator the date when he claims he should be released has not yet arrived.

Relator has presented to the court a letter from a judicial officer stating that, " Ordinarily questions as to how reduction of sentence shall be allowed and whether a name shall be certified to the Governor should be determined by a proceeding under article 78 rather than in a habeas corpus proceeding."

Article 78 of the Civil Practice Act would not upon its face afford relator the remedy he seeks, as section 1285 thereof is as follows:

"§ 1285. When relief not available. Except as otherwise expressly prescribed by statute, the procedure under this article shall not be available to review a determination in any of the following cases: * * *

"2. Where it was made in a criminal matter, except a criminal contempt of court."

Section 212 of the Correction Law gives to the Parole Board, which is a non-judicial body, certain judicial powers not judicially reviewable. Sections 244 and 253 of the Correction Law, as amended, require that the prisoner be informed as to the action of the Parole Board and his rights under parole. This procedure would seem fatuous if he apparently must await the expiration of the shorter time which he claims, before he can obtain relief by habeas corpus or executive clemency. Legislation should be enacted not to interfere with the discretionary power of the Parole Board to grant parole which the courts so often describe as a favor and not a right, but such legislation should give immediate relief in a court of law to a prisoner for an obvious error in the computation of his delinquent time.

All of the voluminous papers presented by the relator to the court are returned to him.

Writ dismissed as premature and relator remanded to custody.