In the Matter of JAMES J. HINES, Petitioner, against STATE BOARD OF PAROLE, Respondent.

Supreme Court, Westchester County, July 9, 1943.

*Nathaniel L. Goldstein, Attorney-General,* for respondent.

*Jacob Shientag* for petitioner.

NOLAN, J. On this application, pursuant to article 78 of the Civil Practice Act, to review a determination of the Board of Parole, the respondent moves to dismiss on the sole ground that the determination of the Board of Parole is not reviewable, in that it is a determination made in a criminal matter, within the meaning of section 1285 of the Civil Practice Act, which provides in part: " Except as otherwise expressly prescribed

by statute, the procedure under this article shall not be available to review a determination * * * 2. Where it was made in a criminal matter, except a criminal contempt of court.''

Since no other objection, in point of law, is raised, the court may consider only the point presented, and the determination as to the merits of petitioner's application, must await the filing of respondent's answer, or such other motion as respondent may be advised to make.

The expression '' to review a determination '' refers to the relief heretofore available in a certiorari or mandamus proceeding (Civ. Prac. Act, § 1284).

Section 1285 is a combination and rearrangement of former sections 1285, 1286 and 1312 of the Civil Practice Act. Subdivision 2 of section 1285, which contains the provision on which respondent relies, is derived from former section 1312, which was included in former article 78, which related to certiorari proceedings and read, '' This article is not applicable to a certiorari proceeding brought to review a determination made in any criminal matter, except a criminal contempt of court.'' Former section 1312 was a verbatim re-enactment of section 2148 of the Code of Civil Procedure, which formed part of Article Seventh of the Code, which dealt with the writ of certiorari to review the determination of an inferior tribunal. The certiorari proceedings referred to in section 2148 of the Code were those referred to in section 515 of the Code of Criminal Procedure, which provided, by amendment in 1884: '' Writs of error and of certiorari in criminal actions and proceedings and special proceedings of a criminal nature, as they have heretofore existed, are abolished; and hereafter the only mode of reviewing a judgment or order in a criminal action or proceeding, or special proceeding of a criminal nature, is by appeal.'' Before statutory enactment to that end, a person convicted of a criminal offense had no right of appeal. Under the Revised Statutes, there were available two methods of reviewing a conviction, either by certiorari before judgment, or by writ of error after judgment. The provision of the Code, which was re-enacted in the Civil Practice Act, apparently referred to the writs which theretofore existed, and which were used as a means of review of convictions of criminal offenses. The expression '' criminal matter '' in the statutes, apparently refers to criminal actions or proceedings of a criminal nature. In enacting article 78 of the Civil Practice Act, the Legislature did not intend to estab-

lish new remedies, or prohibit remedies theretofore available by way of certiorari or mandamus. (See *Matter of Newbrand* v. *City of Yonkers,* 285 N. Y. 164; see, also, Third Annual Report of the Judicial Council — 1937.) In providing that the procedure under article 78 of the Practice Act shall not be available to review a determination made in a criminal matter, the Legislature intended, in the court's opinion, to exclude no review which was not excluded by the provisions of former section 1312 of the Practice Act and section 2148 of the Code. If the construction urged by respondent is given the statute, no proceeding by way of mandamus will be available to compel the performance of a duty by a public officer charged with the administration of criminal matters, or to review the determination of any such officer, even though his act, or refusal to act, may be contrary to law. (See, for example, *Matter of Dodd* v. *Martin,* 248 N. Y. 394; *Matter of Cropsey* v. *Tiernan,* 172 App. Div. 435; *Matter of Bennett* v. *Merritt,* 173 Misc. 355.) The court is unwilling to ascribe to the Legislature any such intention. This court has decided on other grounds that the determinations of the Board are not subject to review. Those grounds have not been urged on this motion. For the purpose of this motion, it is sufficient to say that a review of the determination of the Board is not precluded by the provisions of section 1285 of the Practice Act. Motion to dismiss denied.

Respondent further moves to strike out of the petition certain allegations specified, upon the ground that they are not relevant or material, and are redundant and scandalous.

Section 1288 of the Practice Act provides: " The application for relief shall be founded upon a petition, * * * which shall contain a plain and concise statement of the material facts on which the petitioner relies ".

Respondent's motion is directed to practically every paragraph of the petition, and the objections interposed are well founded. The petition does not contain a plain or concise statement of material facts. It contains a mixture of alleged facts, argument, conclusions of law, and discussion of statutory provisions, procedure, the purpose of the parole statutes, and the determinations of the Board in other matters. The objectionable portions of the pleading are so interwoven with the allegations of fact, that it is impossible for the court to separate those allegations which are well pleaded from those which are not. Respondent should not be required to answer the petition in its present form. If the court were to grant

respondent's motion to strike out the objectionable allegations, there would be little left of the matters upon which petitioner relies for relief. Under the circumstances, the interests of the petitioner will be better served, if he is entitled to a review, by the presentation of a petition, in proper form, which shall set forth, plainly and concisely, as required by the statute, the facts on which he relies. Petitioner's petition will be stricken out, with leave to plead over, if so advised, within twenty days. If an amended petition shall be served, respondent may answer or move, pursuant to section 1293, of the Civil Practice Act, within eight days after service of the amended petition. The return day of the application will be adjourned until the date specified in respondent's notice of motion, if respondent shall move to dismiss, or until either party shall bring the matter on for determination, on at least two days' notice, after service of an answer. Settle order on notice.