In the Matter of BETTY STEWART, Petitioner, against CITY COURT OF CITY OF BINGHAMTON, N. Y., et al., Respondents.

Supreme Court, Special Term, Broome County, August 21, 1944.

*Alec Rosefsky* for petitioner.

*Herbert H. Ray, Corporation Counsel (Charles B. Cohen* of counsel), for respondents appearing specially.

DEYO, J. This is a proceeding instituted pursuant to article 78 of the Civil Practice Act, for an order to set aside a judgment of conviction of the Binghamton City Court, convicting the petitioner of the crime of violating subdivision 4 of section 887 of the Code of Criminal Procedure, and to vacate the sentence imposed thereon and to discharge the petitioner from custody. It is the petitioner's contention that the Binghamton City Court never acquired jurisdiction, on the grounds that petitioner was never arraigned, never entered a plea of guilty to the charge, and in fact did not know that she had been committed on such charge until after her time to appeal had expired. Upon the return date of the order to show cause, the Corporation Counsel of the City of Binghamton appeared specially and moved to dismiss the proceeding on the grounds that article 78 is not available to review a determination made in a criminal matter except in a criminal contempt of court, and that consequently this court is without jurisdiction to act.

This is a question which is frequently raised, but seldom determined, at least in the reported cases. Article 78 of the Civil Practice Act, as enacted by chapter 526 of the Laws of 1937, resulted from a recommendation of the Judicial Council made after an exhaustive study of the three remedies formerly known as certiorari, mandamus and prohibition. Its purpose was to consolidate the relief theretofore obtainable under one

proceeding and thus eliminate "formal separateness," which often resulted in a petitioner's being deprived of his rights because he had mistaken the remedy appropriate for his particular case. (Report of Judicial Council, 1937, p. 129.) This article neither extended nor abolished existing remedies. The changes effected were entirely changes in the procedure to be followed in the pursuit of those remedies already available. (*Matter of Fahey* v. *Wright,* 256 App. Div. 474.)

Under section 1283 of the Civil Practice Act, "writs and orders of certiorari *to review,*" were abolished and in their stead was substituted the proceeding under article 78. (Underscoring mine.) This enactment, however, had no effect upon the writ of certiorari *to inquire into the cause of imprisonment* under section 1230 of the Civil Practice Act, which is a companion remedy to habeas corpus, and which remains in full force and effect. (*People ex rel. Semenoff* v. *Nagle,* 118 Misc. 476.) The instant case involves *the review of a determination* and not *an inquiry into the cause of detention,* and hence, is within the scope of article 78. (Underscoring mine.)

Subdivision 2 of section 1284 of the Civil Practice Act provides: "The expression 'to review a determination' refers to the relief heretofore available in a certiorari or a mandamus proceeding for the review of any act or refusal to act of a body or officer exercising judicial, quasi-judicial, administrative or corporate functions, which involves an exercise of judgment or discretion."

This relief "to review a determination" is not available "Where it was made in a criminal matter, except a criminal contempt of court." (Civ. Prac. Act, § 1285, subd. 2.) This section was derived from former section 1312, which was a verbatim re-enactment of section 2148 of the Code of Civil Procedure. The certiorari proceedings referred to were those covered by section 515 of the Code of Criminal Procedure. (*Matter of Hines* v. *State Board of Parole,* 181 Misc. 274.)

Prior to 1884 a review in a criminal matter could be had either by appeal or by certiorari. Chapter 372 of the Laws of 1884 amended section 515 of the Code of Criminal Procedure and abolished the writ of certiorari as a method of review. (*People ex rel. Wright* v. *Court of Sessions,* 45 Hun 54.) The effect of this amendment was to make the method of review uniform in all criminal cases instead of allowing a review by appeal in criminal cases and by certiorari in criminal proceedings and special proceedings of a criminal nature. (*People ex rel. Comrs. of Charities* v. *Cullen,* 151 N. Y. 54, 58; *People*

*ex rel. Guntner* v. *Murray,* 62 Hun 30; *People ex rel. Edwards* v. *The Warden,* 37 Misc. 639.)

In the instant case the petitioner seeks exactly what the various statutes and the reported decisions say she may not have — a review of her conviction by certiorari. This is not a situation where the relief sought is that formerly designated as mandamus, brought to compel a public official to do his duty, as was presented in *Matter of Bennett* v. *Merritt* (173 Misc. 355, affd. 261 App. Div. 824, affd. 286 N. Y. 647) nor to review the proceedings of a board of parole, as was the case in *Matter of Hines* v. *State Board of Parole* (*supra*). A careful reading of the memorandum opinion in *People ex rel. Anow* v. *Hunt* (259 App. Div. 1071) indicates that it does not support the petitioner's contention. There habeas corpus had been brought to test the legality of the petitioner's sentence and the claim found to be without merit. The court then went on to say: " The petitioner further claims that the imposed term has been reduced by commutation and earned compensation thereby entitling him to be released from custody. His remedy, if any, is by a proceeding pursuant to article 78 of the Civil Practice Act rather than by habeas corpus." In other words, all that the court did was to point out that the relief formerly obtainable by mandamus was still available under article 78, even in a criminal matter, a decision with which no one can have any serious quarrel.

Neither does the decision *In Re Cataldo* (36 N. Y. S. 2d 783) materially aid the petitioner. There the proceeding was apparently passed upon on its merits and the question of the propriety thereof under subdivision 2 of section 1285 of the Civil Practice Act does not seem to have been considered.

On the other hand, the only decision which has come to my attention wherein the matter has been squarely decided, holds that the limitation found in subdivision 2 of section 1285 of the Civil Practice Act means exactly what it says. Unfortunately, this decision was not reported, and I quote from the New York Law Journal opinion of October 16, 1942 (p. 1057, col. 1), by Mr. Justice WITSCHIEF in *Matter of O'Neill*: " The motion of the County Attorney appearing for the Sheriff of Westchester County, the subpœna (so called) requiring that the body of a prisoner in Auburn State Prison be produced at a Special Term of the Supreme Court in Westchester County ' to give testimony ' in a proceeding to review a sentence imposed by the County Court, is vacated and the proceeding dismissed. The writ of certiorari is no longer applicable to criminal proceed-

ings (C. P. A. Sec. 1285). The writ of certiorari provided for in Title 77, C. P. A. appears to have been abolished. (C. P. A., sec. 1283)." (See, also, *People ex rel. Seymour* v. *Hunt,* 177 Misc. 287; 6 Wait's Practice Supp. 34.)

The motion of the respondent to dismiss the proceeding is granted, without costs.

Submit order.