In the Matter of JOHN A. LYONS, As Commissioner of Correction of the State of New York, Petitioner, against HARRY ROSENBERG, as Judge of Monroe County Court, et al., Respondents.

Supreme Court, Special Term, Monroe County, July 9, 1946.

*Nathaniel L. Goldstein*, Attorney-General (*Emil L. Cohen* of counsel), for petitioner.

*Daniel J. O'Mara*, District Attorney (*Harry L. Rosenthal* of counsel), for respondents.

CRIBB, J. This is a proceeding brought under article 78 of the Civil Practice Act by the Commissioner of Correction of the State of New York, John A. Lyons, for an order directed to

the Honorable HARRY ROSENBERG as Judge of the County Court of Monroe County, to direct the return of the respondent Charles Bassney to Monroe County Court for resentence, to vacate the sentence imposed on January 18, 1946, and to resentence the respondent Charles Bassney to a term of not less than ten years nor more than twenty years.

Charles Bassney was indicted by the Grand Jury of the Supreme Court of Monroe County for the crime of burglary, third degree, committed on August 20, 1941. On October 7, 1941, the respondent Bassney pleaded guilty to the charges set forth in the indictment, and on October 20, 1941, was sentenced as a second offender by Monroe County Judge H. DOUGLAS VAN DUSER to a term of not less than ten years nor more than twenty years, to be served in Attica State Prison. Thereafter, on January 4, 1946, the respondent Honorable HARRY ROSENBERG determined that said sentence as a second offender was illegal, in that the prior conviction used as a basis for making the respondent Bassney a second offender was invalid. The respondent Judge ROSENBERG thereupon, by order dated January 4, 1946, directed the return of the respondent Bassney from Attica Prison to Monroe County Court.

In January 18, 1946, proceedings for the resentence of the respondent Bassney before the respondent Judge ROSENBERG in Monroe County Court took place. The respondent Judge ROSENBERG cancelled and revoked the sentence imposed on October 20, 1941. A new information was filed by the District Attorney of Monroe County, charging the respondent Bassney with a prior conviction for a felony. The respondent Bassney was duly advised of his rights and admitted that he was the same person referred to in said information. The respondent Judge ROSENBERG thereupon purported to resentence the respondent Bassney as a second offender to a term of not less than five years and not more than six years, crediting the respondent Bassney with all time served and allowances for good behavior.

In resentencing the respondent Bassney, the respondent Judge ROSENBERG attempted to apply the 1942 amendment to section 1941 of the Penal Law (L. 1942, ch. 700). The act amending section 1941 of the Penal Law specifically provided (§ 2): " This act shall take effect immediately and shall apply only to crimes committed on or after the effective date of this act." The crime of the respondent Bassney was committed prior to the date of said act. Accordingly, the act of 1942 (L. 1942, ch. 700), amending section 1941 of the Penal Law, had no application to the case of the respondent Bassney. Petitioner

alleges that the respondent Judge ROSENBERG has refused to take steps to vacate the unauthorized sentence imposed on January 18, 1946, and to resentence the respondent Bassney in accordance with the law applicable to the case of the respondent Bassney.

The respondents, Honorable HARRY ROSENBERG and Charles Bassney, have appeared specially by counsel and have moved to dismiss the proceeding upon the ground that the relief sought cannot be obtained in this proceeding under the provisions of article 78 of the Civil Practice Act. This motion should be granted. Section 1285 of article 78 of the Civil Practice Act reads as follows: "Except as otherwise expressly prescribed by statute, the procedure under this article shall not be available to review a determination in any of the following cases: * * * 2. Where it was made in a criminal matter, except a criminal contempt of court". Respondents rely upon this provision in their motion to dismiss this proceeding. The petitioner contends that this provision does not apply by reason of the definition given by subdivision 2 of section 1284 of article 78 of the Civil Practice Act which reads as follows: "The expression 'to review a determination' refers to the relief heretofore available in a certiorari or a mandamus proceeding for the review of any act or refusal to act of a body or officer exercising judicial, quasi-judicial, administrative or corporation functions, which involves an exercise of judgment or discretion." Petitioner takes the position that the review of a determination in a criminal matter which is prohibited by subdivision 2 of section 1285, is one "which involves an exercise of judgment or discretion", and that in the instant case no attempt is made to review a determination of Judge ROSENBERG involving *the exercise of discretion on his part*. It is argued that Judge ROSENBERG has resentenced the respondent Bassney to an illegal term of five to six years, not one which he could impose in his discretion. If, as contended by petitioner, Judge ROSENBERG had sentenced respondent Bassney under the provisions of the second paragraph of section 1941 of the Penal Law as it read before the amendment of 1942 (L. 1942, ch. 700), he could have exercised some discretion as to the minimum of the indeterminate sentence. That paragraph read as follows: "If the second or third felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for an indeterminate term the minimum of which shall be not less than the longest term prescribed upon

a first conviction and the maximum of which shall be twice such term." In resentencing respondent Bassney, Judge ROSENBERG was endowed with some discretionary powers. If as a result of any error in the exercise of discretion an illegal sentence was imposed, that fact does not warrant this proceeding under article 78 of the Civil Practice Act.

This determination does not leave the petitioner without a remedy. It seems he could make a motion before the Monroe County Court for the same order which is sought by this proceeding. If such motion should be denied, he could appeal to the Appellate Division.

The motion by respondents to dismiss this proceeding is granted, without costs.

Let order enter accordingly.