Order reversed on the law and motion to dismiss the proceeding denied and petitioner’s application granted, without costs of this appeal to any party. Memorandum: On October 7, 1941, respondent Bassney was convicted in the County Court of Monroe County of the crime of burglary, third degree (Penal Law, §§ 404, 407) committed on August 20, 1941. On October 20, 1941, pursuant to sections 1941 and 1943 of the Penal Law, he was sentenced as a second offender to a term of not less than ten years nor more than twenty years. On January 18, 1946, by order of the Monroe County Court, the sentence previously imposed was revoked and cancelled on the ground that the prior conviction set forth in the information filed by the district attorney was unconstitutionally obtained because there was no indictment by a grand jury therefor. (See People ex rel. Battista v. Christian, 249 N. Y. 314.) Thereupon, the district attorney filed a new information dated January 18, 1946, which alleged another prior felony conviction for grand larceny, second degree, in Chemung County Court, on September 18, 1928. Upon his arraignment thereon, Bassney admitted his identity and was resenteneed as a second offender to a term of not less than five nor more than six years. This sentence is illegal because chapter 700 of the Laws of 1942, which reduced the minimum term of a second offender to not less than one half the longest term prescribed upon a first conviction, does not apply to crimes committed prior to May 8, 1942. In this proceeding brought by John A. Lyons, as Commissioner of Correction of the State of New York, under article 78 of the Civil Practice Act, for an order directing the respondent Hon. Harry Rosenberg, as Monroe County Judge, to direct the return of the respondent Charles Bassney to Monroe County Court, to vacate the sentence imposed on January 18, 1946, and to resentence the respondent Bassney to a term of not less than ten years nor more than twenty years, the Special Term, on motion of the respondents, dismissed the proceeding on the ground that the relief sought by the petitioner could not be obtained in a proceeding commenced under the provisions of article 78 of the Civil Practice Act. This was error. Prior to the enactment of present article 78 of the Civil Practice Act, the relief sought herein could be obtained in a mandamus proceeding. (People ex rel. Sloane v. Laives, 255 N. Y. 112; Matter, of Dodd v. Martin, 248 N. Y. 394; Matter of Moore v. Thorn, 245 App. Div. 180, affd. 270 N. Y. 502.) No change in the former practice was intended or accomplished by the enactment of present article 78. (Matter of Newbrand v. City of Yonkers, 285 N. Y. 164; Third Annual Report of N. Y. Judicial Council, 1937, p. 129; see, also, Matter of Lyons v. Robinson, 293 N. Y. 191; Matter of Bennett v. Merritt, 173 Misc. 355, affd. 261 App. Div. 824, which was affd. sub room. People ex rel. Bennett v. Merritt, 286 N. Y. 647.) All concur. (The order grants respondents’ motion to dismiss a proceeding under article 78.) Present — Taylor, P. J., Dowling, Harris, MeCurn and Love, JJ. [186 Misc. 918.]