■ In the Matter of JOSEPH SCOPELLITI et al., Appellants, against STATE LIQUOR AUTHORITY, Respondent.— In a proceeding to direct the State Liquor Authority to issue application blanks so that an application may be made for a license to sell liquor for off-premises consumption, the appeal is from an order granting the Authority's cross motion to dismiss the petition (Civ. Prac. Act, § 1293), and dismissing the petition. Order unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ In the Matter of EDWARD S. SILVER, as District Attorney of Kings County, Respondent, against BENJAMIN GASSMAN et al., Individually and as Justices of the Court of Special Sessions of the City of New York, et al., Appellants, and WILLIAM SOCKWELL, Respondent.— Proceeding to compel the individual appellants to vacate an order made by one of them, as a Justice of the Court of Special Sessions of the City of New York, sitting in Kings County. The order sought to be vacated was made on October 7, 1957, over the objection of the respondent District Attorney and denied his application to restore a certain case to the calendar of said court for trial. The defendant in that case had been discharged on his own recognizance pursuant to section 669 of the Code of Criminal Procedure. The appeal is from an order of the Special Term granting the petition and directing that the case be restored to the calendar for trial. Order unanimously affirmed, without costs. It was a ministerial obligation of the appellants to restore the case to the calendar for trial at the instance of the District Attorney (People v. Prosser, 309 N. Y. 353, 358, 361; Matter of McDonald v. Goldstein, 273 App. Div. 649, 650). The refusal to perform was not a judicial determination in the nature of the dismissal of an indictment which would be appealable (Code Crim. Pro., § 518, subd. 3; People v. Hammerstein, 150 App. Div. 212, affd. 211 N. Y. 552; People v. Levenstein, 309 N. Y. 433), but a neglect of a ministerial duty subject to review under article 78 of the Civil Practice Act. (Matter of Stewart v. City Court of City of Binghamton, 183 Misc. 155, 157; Matter of Bennett v. Merritt, 173 Misc. 355, 362.) Present — Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE S. BIANCO, Appellant.— Appeal from a judgment of the County Court, Nassau County, convicting appellant, after trial, of robbery in the second degree, grand larceny in the second degree, and assault in the second degree. Judgment unanimously affirmed. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH LoCURTO, Appellant.— Appeal from an order of the County Court, Queens County, which denied without a hearing (1) appellant's application in the nature of a writ of error coram nobis to vacate a judgment rendered by said court on May 4, 1956 convicting appellant of grand larceny in the first degree, and (2) other relief. The application to vacate the judgment was made on the grounds (a) that a witness called by the People testified falsely, to the knowledge of the trial assistant district attorney, and (b) that said assistant concealed material evidence. Order unanimously affirmed. No opinion. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.