[No. 15537.  Department Two.  December 22, 1919.]

THE STATE OF WASHINGTON, *Respondent,* v.
BERNARD S. ANDERSON, *Appellant.*[1]

CRIMINAL LAW (68)—WITHDRAWAL OF PLEA—VACATION OF JUDG-MENT. An application to withdraw a plea of guilty is addressed to the sound discretion of the court; but, in view of Rem. Code, §§ 2111, 2181, requiring such motion and motions in arrest to be made before judgment, it can only be entertained after judgment as an application to vacate the judgment; and if for irregularity or fraud, the judgment is entitled to every reasonable intendment in its support, and will be set aside only upon a clear showing and adjudication of a *prima facie* defense on the merits.

Appeal from an order of the superior court for Pacific county, Hewen, J., entered May 3, 1919, denying a motion to vacate a judgment and sentence, after a hearing before the court. Affirmed.

*John T. Welsh* and *John I. O'Phelan,* for appellant.
*Herman Murray,* for respondent.

[1]Reported in 186 Pac. 266.

TOLMAN, J.—On April 28, 1919, the appellant was arraigned in the trial court upon an information filed by the prosecuting attorney of Pacific county, charging him with the commission of the crime of bootlegging, as defined by § 17h, p. 60, ch. 19, of the Laws of 1917. The record of the arraignment is as follows:

"And now comes A. B. McDonald, sheriff of Pacific county, Washington, and brings the defendant, Bernard Anderson, to the bar of this court, and comes Herman Murray, Esq., prosecuting attorney for said Pacific county, Washington, and the said Bernard Anderson being brought to the bar of this court and being interrogated by the court if the name by which he in the said information is named be not his true name, says, that his true name is Bernard Anderson, the name by which he is in the said information named, and having been asked by the court as to whether or not he had counsel, and having stated to the court that he had no counsel, and upon being asked by the court as to whether or not he desired counsel to be appointed by the court to act in his behalf, he stated that he did not, whereupon the court informed him, the said Bernard Anderson, that under the charge in the information it was a felony punishable by imprisonment in the state penitentiary at Walla Walla, for not less than one year nor more than five years, and again asked the defendant Bernard Anderson whether or not he desired counsel to represent him, and to which the said defendant Bernard Anderson replied that he desired no counsel to represent him, and the said information being read to the said Bernard Anderson, and it being demanded of him concerning the premises in said information specified whether he be guilty or not guilty thereof, the said defendant, Bernard Anderson, pleads guilty of the crime as charged in the said information, which said plea of guilty as charged in the information is hereby accepted by the court, and the clerk of the court is hereby directed to enter his plea of guilty of record herein."

Following which, on the same day, judgment on the plea of guilty was entered, and appellant sentenced to

the state penitentiary for a term of not less than one nor more than five years. Thereafter, on May 3, 1919, appellant, having procured counsel, moved the court to set aside the conviction, judgment and sentence and to permit him to withdraw his plea of guilty and inter- pose a plea of not guilty. The motion was verified by appellant, but otherwise unsupported, and recites that appellant did not know and was not advised of the fact that more than one degree of crime might or could be predicated upon the possession of intoxicating liquors; that he did not fully understand the informa- tion when read to him; did not have the benefit of counsel; was nervous, excited and frightened and did not realize the seriousness of the charge; admitted that he was informed that the crime charged was a felony punishable by imprisonment in the state peni- tentiary, and asserted that he was not guilty of a felony. After hearing counsel on both sides, the mo- tion was, on the same day, denied, both on the ground that the court had no jurisdiction to entertain it after judgment, and also because it was without merit in fact.

The questions here presented were before this court in *State v. Scott,* 101 Wash. 199, 172 Pac. 234, where, after a full discussion, it was held that an application to withdraw a plea of guilty is addressed to the sound discretion of the court, and in view of Rem. Code, §§ 2111 and 2181, requiring such motions and motions in arrest of judgment to be made before judgment, such a motion made after judgment will be considered only as an application to vacate the judgment under Rem. Code, § 464 *et seq.,* and if for irregularity or fraud, the judgment is entitled to every reasonable intendment in its support, and will be set aside only upon a clear showing of a *prima facie* defense on the merits.

Applying these principles to the record before us, it is at once apparent that there is no showing of any defense on the merits, beyond the bare verified statement by the appellant that he is not guilty of a felony and believes that a jury would so find.

Viewed in any light, before judgment or after, we find nothing in the motion which would justify us in holding that the trial court abused his discretion or committed error.

The judgment appealed from is affirmed.

HOLCOMB, C. J., FULLERTON, MOUNT, and BRIDGES, JJ., concur.