In the Matter of CHARLES J. DODD, as District Attorney of Kings County, Respondent, against GEORGE W. MARTIN, Individually and as County Judge of Kings County, et al., Appellants, Impleaded with Another.

**Crimes — second offense — sentence — jurisdiction — court without power to permit change of plea of guilty after sentence and commencement of imprisonment — plea of guilty to felony as first offense, sentence and commencement of imprisonment — information charging prisoner with former conviction of felony — improper to permit prisoner to change plea to that of guilty of petit larceny — mandamus directing court to reinstate plea, to try prisoner on the information and resentence him, proper — original sentence illegal where prisoner had admitted his former conviction.**

1. After judgment on a plea of guilty and the beginning of a term of imprisonment the court is without jurisdiction to permit the defendant to change his plea.

2. Where a prisoner, who had pleaded guilty to the crime of burglary in the third degree as a first offense, been sentenced and commenced to serve his term, is brought into court for resentence, under section 1943 of the Penal Law, on an information charging him with having been formerly convicted of a felony, it is improper for the trial judge to direct the original plea of guilty to be set aside, accept a plea of guilty to the crime of petit larceny and sentence the prisoner to a term of imprisonment in the county jail. A peremptory order of mandamus requiring him to reinstate the plea of guilty and proceed under section 1943 of the Penal Law to try the issue, if any, presented

by the information and to resentence the prisoner is, therefore, properly issued.

3. The original sentence for felony as a first offense on a plea of guilty was illegal where the prisoner had admitted to the court his previous conviction of another felony. Under sections 1942 and 1943 of the Penal Law all discretion is withdrawn from the court in such a case and it is powerless to disregard the record in passing sentence. (*People* v. *Sickles*, 156 N. Y. 541, explained.)

*Matter of Dodd* v. *Martin*, 224 App. Div. 179, affirmed.

(Argued May 31, 1928; decided June 12, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 15, 1928, which affirmed an order of Special Term granting a motion for a peremptory order of mandamus to compel the county judge and court of Kings county to vacate an order setting aside a plea of guilty of burglary in the second degree and accepting a plea of guilty of petit larceny and to cause the accused to be resentenced under Penal Law, section 1943.

*Harry G. Anderson* and *Ralph E. Hemstreet* for appellants. The sentence pronounced by the court upon the defendant on November 16, 1926, was a legal sentence. (*Graham* v. *West Virginia*, 224 U. S. 615; *People* v. *Keeler*, 17 N. Y. 370; *Hankins* v. *New York*, 64 N. Y. 18; *Matter of Central Park Comrs.*, 50 N. Y. 493; *Matter of Washington Street R. Co.*, 115 N. Y. 442; *People* v. *Ahearn*, 196 N. Y. 221; *People* v. *Dwyer*, 215 N. Y. 46; *People* v. *Koenig*, 9 App. Div. 436; *People* v. *Jensen*, 99 App. Div. 355; *People* v. *Hatter*, 22 N. Y. Supp. 688; *American Society* v. *Gloversville*, 78 Hun, 40; *People* v. *Gallagher*, 58 Misc. Rep. 512.)

*Charles J. Dodd, District Attorney* (*Henry J. Walsh* of counsel), for respondent. The acceptance of defendant's plea as a first offender does not bar him from prosecution as a second offender. (*People* v. *Rosen*, 208 N. Y. 169; *People* v. *Bretton*, 144 App. Div. 282; *People* v. *Cucchiara*,

209 App. Div. 326; *Graham* v. *West Virginia*, 224 U. S. 616.)

POUND, J.   On an indictment charging Fred Taglerine with the crimes of burglary, third degree, and attempted grand larceny in the second degree as a second offense, the Kings County Court on October 21, 1926, accepted a plea of guilty to the crime of burglary in the third degree *as a first offense*.   The defendant was convicted on this plea.   The increased punishment for a second offender is indicated by Penal Law, section 1941.   Before sentence was pronounced, the court was informed by the defendant that he had been previously convicted of a felony.   He was sentenced as a first offender to a term of imprisonment in Sing Sing Prison for two years and six months.   He began to serve his term.   When it became known to the warden of Clinton Prison, to which defendant had been transferred, that the prisoner had been previously convicted of a felony, he reported the fact to the District Attorney of Kings county as required by section 1943 of the Penal Law as added, as a part of the Baumes Laws, by chapter 457, Laws of 1926.   The District Attorney thereupon filed an information accusing the prisoner of such previous conviction.   The prisoner was then brought before the court under the provisions of section 1943 of the Penal Law relative to resentencing.   The County Judge ordered the original plea of guilty set aside, accepted a plea of guilty to the crime of petit larceny and sentenced the prisoner to a term of imprisonment in the county jail for nine months.

After judgment on a plea of guilty and the beginning of the term of imprisonment the court was without jurisdiction to permit the defendant to change his plea.   (Code Crim. Pro. § 337; Penal Law, § 2188; *People ex rel. Woodin* v. *Ottaway*, 247 N. Y. 493.)   This rule is not challenged in this proceeding.

The District Attorney has obtained an order of per-

emptory mandamus requiring the County Judge and the County Court of Kings county to reinstate the plea of guilty and to proceed under section 1943 of the Penal Law to try the issue if any presented on the information and to resentence the prisoner.

The question is whether the original sentence was legal. The Baumes Laws were carefully considered in great detail in *People* v. *Gowasky* (244 N. Y. 451). Previous convictions need no longer, as previously, be alleged in the indictment. (Penal Law, § 1942.) When the defendant is convicted, he may be for the first time confronted with his record. If it then appears that he is a second offender he is sentenced to the severer punishment. " The old practice," said CRANE, J., in the *Gowasky* case (p. 460), " is still permissible." But the prisoner was not tried on the indictment charging him as a second offender. He pleaded guilty to burglary, third degree, as a first offense. The plea is separable. It contains two elements, a plea of guilty and a denial of a prior conviction. The guilt is of the crime of burglary in the third degree, the remainder of the plea is descriptive of the character of the offender.

There are three kinds of plea to an indictment: guilty, not guilty and former conviction or acquital. (Code Crim. Pro. § 332.) A plea may be accepted of guilty to any lesser crime than that charged in the indictment. (Code Crim. Pro. § 334.) The crime charged in the indictment is not lesser or greater because the punishment is lesser or greater by reason of the presence or absence of prior convictions. It remains the same without regard to the past criminal record of the defendant. The crime, when committed by a first offender, is not a " lesser crime than that charged in the indictment " when the indictment charges a second offense. (Code Crim. Pro. § 334, ¶ 2.) I find nothing in *People* v. *Sickles* (156 N. Y. 541) which necessarily holds the contrary. The case goes no further than to say that under the old

law: *first*, "the indictment of the person accused of being a second offender must bring the case within the statute, by setting forth the facts *depended upon for the imposition of the severer punishment* prescribed by the Penal Code," and, *secondly*, that "the question for the jury to determine is whether the defendant is guilty of the present crime described in the indictment and whether he is the person charged therein as having been formerly convicted." The criminality of the defendant who is a second offender or the grade of his guilt, may be greater so as to affect the degree of liability to punishment, but the crime charged in the indictment must be established independently of his former conviction. The rule was deemed to be one of fair play. It rested on no other foundation. No question of the implied repeal of section 334, paragraph 2. in contravention of Penal Law, section 2500, can arise in this connection.

In any event, Penal Law, sections 1942 and 1943, provides a new method of dealing with prior offenders. The crime charged is separated from the prior convictions unless the District Attorney follows the old practice in drawing the indictment, and the question is submitted to the trial jury. How can the defendant be sentenced for felony as a first offense on a plea of guilty when he admits to the court before sentence that he is a second offender? The trial jury doubtless has power to render an anomalous verdict if the issue of identity is presented to it, but the court had no such issue before it and was powerless to disregard the defendant's record in passing sentence. The Baumes Laws withdraw all discretion from the court in such cases. In this view of the law, the fact that the former conviction was known at the time sentence was imposed is immaterial. (*Graham* v. *West Virginia.*, 224 U. S. 616.) The sentence was illegal and proceedings for resentence the inevitable sequence.

The effect of the new law was doubtless misunderstood by the court, District Attorney and defendant when

sentence was passed. This fact is to be regretted as an unfortunate but unavoidable result of the interpretation of a new law by the lower courts. I am unable to see how the court can restore to defendant the right of having the issue of prior convictions tried by the trial jury on a plea of not guilty which he forfeited by pleading guilty. The Legislature has provided a mechanistic rule to take the place of the discretionary powers of the judge in passing sentence on second offenders. The Executive may relieve from the hardship of a particular case. We cannot.

The order should be affirmed.

CRANE, ANDREWS and O'BRIEN, JJ., concur; CARDOZO, Ch. J., LEHMAN and KELLOGG, JJ., dissent.

Order affirmed.