In the Matter of the Application of HENRY V. STEBBINS, District Attorney of Rockland County, Petitioner, for a Peremptory Mandamus Order against JONATHAN W. SHERWOOD, Individually and as County Judge of Rockland County, and the COUNTY COURT OF ROCKLAND COUNTY and Another, Defendants.

Supreme Court, Rockland County, June 19, 1933.

*Henry V. Stebbins, District Attorney,* for the motion.

*A. J. Bryant,* for the defendants, opposed.

McNAMEE, J. The defendant Murphy was indicted for the crime of assault in the first degree, and on May 5, 1933, in the County Court, pleaded not guilty. After his trial was begun and on May 15, 1933, this defendant withdrew his plea of not guilty and pleaded guilty to the crime charged. When arraigned for sentence on May 22, 1933, he conceded on the record, and the probation officer reported, that he was armed when the crime was committed, and thereupon the district attorney asked that a prison sentence be imposed as required by sections 1944 and 2188 of the Penal Law. The time for imposing sentence was then postponed to May 29, 1933, and on that day defendant asked leave to withdraw his plea of guilty to assault in the first degree, and to interpose a plea of guilty to assault in the second degree committed while he was unarmed.

The court allowed the plea of guilty in the first degree to be withdrawn, and accepted the new plea of guilty of assault in the second degree while not armed, over the objection of the district attorney, and despite the record before it and the offer of the district attorney to prove that Murphy was armed when the felony was committed. The County Court, in disregard of the attitude of the district attorney, then sentenced the defendant to prison for a term of not less than five years nor more than ten years, and suspended the execution of the sentence, and placed defendant on probation.

Consideration has been given to the argument of the defendants that relief other than mandamus was available to the district attorney, viz., the right of appeal. Section 518 of the Code of Criminal Procedure provides for appeals by the People. The first three subdivisions of that section, by their terms, have no application; and the fourth subdivision gives a review only in cases in which the defendant may appeal. Section 517 states the only review by appeal given to the defendant, namely, an appeal from a judgment of conviction after indictment; and in such case a review of any actual decision of the court in an intermediate order or proceeding forming a part of the judgment roll may also be reviewed. For the purpose of appeal the conviction is the judgment. (Code Crim. Proc. § 517.) The complaint of the district attorney, at least in the main, is not as to the conviction of the defendant for felony, nor because of any intermediate order made by the court, but because of the sentence pronounced by the court at the foot of the judgment. A review by appeal is given from a judgment

of conviction or an intermediate decision, and not from a sentence. The County Court had a clear statutory duty to perform, to sentence the defendant as the law required, and upon its failure in that particular, mandamus is the proper remedy. (*Matter of Cropsey* v. *Tiernan,* 172 App. Div. 435; *Matter of Dodd* v. *Martin,* 248 N. Y. 394.)

The County Court had the power to permit a plea of guilty to be withdrawn, and a plea of not guilty to be interposed, in its discretion. (Code Crim. Proc. § 337.) But the County Court had no power, on the facts in this case, to change the charge of crime against the accused from assault in the first degree to assault in the second degree, or to accept a plea of a crime not charged in the indictment, over the objection of the district attorney, and thereby summarily dispose of the issue formed by the pleadings. The grand jury charged the defendant with assault in the first degree, and the defendant saw fit to plead not guilty. The indictment and the plea were the pleadings, and by these the issue was formed. The County Court was without power to alter this issue over the objection of either of the parties. If the defendant Murphy pleaded not guilty to the crime charged in the indictment, or declined to plead to that crime, it was the duty of the court to enter a plea of not guilty, and in either case to direct the trial to proceed.

In the favorable view which the County Court has taken of the defendant's case, as indicated by the record, it may make no practical difference whether the defendant is sentenced under a conviction of assault in the first degree, or assault in the second degree, as the indeterminate sentence could be made the same in either, a minimum term of at least one year in prison. Nevertheless, approval cannot be given to the action of the County Court in altering the crime charged to one of lesser degree or lesser punishment, over the objection of the People.

Under sections 1944 and 2188 of the Penal Law the court had no power to suspend a prison sentence on a plea of guilty of assault in the first degree or assault in the second degree, when it appeared that the defendant was armed with a dangerous weapon when the crime was committed. By these sections the court was required to sentence the defendant to prison. The only discretion remaining in the court was to determine the length of the imprisonment to be imposed, both as to the principal offense and as to the increased punishment. And the action of the court in suspending the execution of the sentence imposed, and placing the defendant on probation, was without authority.

There appears to have been no dispute, and it is perfectly evident

from the papers before this court that the defendant was armed when the crime in question was committed. If, however, the defendant's counsel misunderstood or misrepresented him, or the parties and the court were misled by some mistake, or the court for any reason was not satisfied from the record that the defendant was armed, it was the duty of the court to conduct an inquiry and determine the fact whether the defendant Murphy was armed or not. (*People* v. *Caruso*, 249 N. Y. 302.) The court must either recognize and act upon the record before it, or conduct an inquiry to determine the fact. The court had no power to set up fictitious issues, and disregard the record before it. (*Dodd* v. *Martin, supra; People* v. *Procito*, 261 N. Y. 376.)

Accordingly, a mandamus order is granted directing the County Court to vacate and set aside the sentence, the suspension thereof, and the probation of the defendant Murphy; directing the court to recognize and act upon the record before it to the effect that the defendant was armed when committing the crime charged, or to conduct an inquiry, if the court deems that necessary, into the truth of the charge that the defendant was so armed; and to impose a prison sentence, and to impose the increased punishment required by law, if the defendant Murphy was armed when the crime was committed.