In the Matter of the Application of JOHN A. LYONS, as Commissioner of Correction of the State of New York, Petitioner, for an Order Directed to Hon. JONAH J. GOLDSTEIN, as Judge of the Court of General Sessions, New York County, Respondent.

Supreme Court, Special Term, New York County, March 2, 1942.

APPLICATION under article 78 of Civil Practice Act for order in nature of prohibition.

*John J. Bennett, Jr., Attorney-General* [*Bernard L. Alderman, Assistant Attorney-General*, of counsel], for the petitioner.

*Thomas E. Dewey, District Attorney* [*Stanley H. Fuld* and *Thomas P. Cook, Assistant District Attorneys*, of counsel], for the respondent.

*Arthur H. Schwartz*, for Joseph Bendix.

PECORA, J. On April 15, 1936, one Joseph Bendix pleaded guilty to the felony of burglary in the third degree in the Court of General Sessions of the County of New York. On April 23, 1936, it appearing that the said defendant had been previously convicted three times of certain felonies, the Hon. CHARLES C. NOTT, JR., duly sentenced said defendant to be imprisoned in the State prison, at hard labor, for a term the minimum of which was to be not less than fifteen years and the maximum of which was to be for the term of his natural life. (Penal Law, § 1942.) Service of this sentence, which was a legal one, was commenced on April 27, 1936, when Joseph Bendix was received at Sing Sing Prison.

Thereafter, pursuant to an order of the Supreme Court, dated March 15, 1937, said Joseph Bendix was delivered into the custody of the sheriff of New York county for his appearance before the grand jury of the Court of General Sessions in connection with a "John Doe" investigation. Since that time he has remained in the Seventh District Prison in the City of New York.

By motion returnable at Part I of the Court of General Sessions, Joseph Bendix has applied for an order setting aside the plea of guilty entered on April 17, 1936, and permitting him to substitute a plea of not guilty, upon the ground that his plea of guilty was induced by fraud and misrepresentation. In addition, the defendant seeks to set aside the judgment of sentence pronounced against him upon the same grounds. It is interesting to note that nowhere in his moving papers in that motion does Bendix assert his innocence.

The Commissioner of Correction of the State of New York, whose duty it is to execute judgments of the courts of this State which direct the imprisonment of convicted felons in the State's prisons, now makes an application to this court for an order pursuant to article 78 of the Civil Practice Act, directed to the judge of the Court of General Sessions, New York County, prohibiting him from assuming jurisdiction in the motion made by Joseph Bendix.

The Commissioner of Correction is properly in court upon this proceeding, both as a State officer and as an individual. (See *Matter of Bennett* v. *Merritt*, 173 Misc. 355; affd., 261 App. Div. 824.)

Prohibition is an extraordinary remedy, not generally favored by the courts, and should only be exercised in the court's wise discretion where there is a threatened exercise of an unauthorized power. (See *People ex rel. Childs* v. *Extraordinary Trial Term*, 228 N. Y. 463; *People ex rel. Livingston* v. *Wyatt*, 186 id. 383.) As was said in *People ex rel. Jones* v. *Sherman* (66 App. Div. 231, 234): " * * * the only question which may properly be considered upon an application for a writ of prohibition is whether or not the tribunal whose acts it is sought to restrain has jurisdiction to do or perform the acts or thing complained of."

Subdivision 2 of section 1296 of the Civil Practice Act provides that in a proceeding under article 78 the question to be determined is " whether the respondent, if a body or officer exercising judicial or quasi-judicial functions, is proceeding or is about to proceed without or in excess of jurisdiction."

Therefore, upon the motion now before this court, the question of the merits of the application of Joseph Bendix is wholly immaterial. This court's inquiry is limited to the question of

whether there is power or jurisdiction in the Court of General Sessions to consider the motion made by Bendix. The Court of Appeals stated in *People ex rel. Hirschberg* v. *Orange County Court* (271 N. Y. 151, 155): " The Code of Criminal Procedure establishes the practice in all criminal cases and the authority for the orders and judgments of the courts. Unless we can find there some jurisdiction for the above order it does not exist."

Section 337 of the Code of Criminal Procedure and section 2188 of the Penal Law are pertinent to the inquiry here. Section 337 (which is directly applicable) provides: " Plea may be withdrawn by permission of the court. The court may in its discretion, *at any time before judgment* upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted." (Italics mine.)

More remotely apposite is section 2188 of the Penal Law, which deals with suspending sentences and suspending the execution of judgments. After making provision for the suspension of sentences, the section concludes with the following words: " Provided, however, that the imprisonment directed by the judgment, shall not be suspended or interrupted after such imprisonment shall have commenced."

It is manifest that, under section 337 of the Code of Criminal Procedure, the Court of General Sessions is now without power to permit Bendix to withdraw his plea of guilty. Such power is granted to the court only " at any time before judgment " and cannot be exercised, as is now sought by Bendix, five years after imprisonment has begun. And so it has been consistently adjudicated by our courts of review.

In *People* v. *Vitale* (211 App. Div. 814) the only point raised by the district attorney in his brief to the Appellate Division was the one that section 337 divested the court of the power to act after judgment. It was there held: " The court was without power under section 337 of the Code of Criminal Procedure to permit a plea of guilty to be withdrawn after judgment imposing sentence."

In *Matter of Dodd* v. *Martin* (248 N. Y. 394, 396) the court ruled: " After judgment on a plea of guilty and the beginning of the term of imprisonment the court was without jurisdiction to permit the defendant to change his plea. (Code Crim. Proc. § 337; Penal Law, § 2188; *People ex rel. Woodin* v. *Ottaway,* 247 N. Y. 493.) This rule is not challenged in this proceeding."

In *People* v. *Daiboch* (265 N. Y. 125) the Court of Appeals approved the ruling in *Dodd* v. *Martin* (*supra*). Speaking of the *Dodd* case the court said (p. 131): " We held that the County Court had no power or jurisdiction after the beginning of the term of imprisonment to permit the defendant to change his plea and

affirmed a peremptory order of mandamus compelling the judge to sentence him as a second offender. We see no distinction here."

The learned district attorney lays much stress upon the *obiter dictum* of CRANE, J., in the *Daiboch* case (*supra*), where he said (p. 131): "A man may be tricked or deceived into pleading guilty. When such appears the courts may be able to find some remedy." Having decided that the County Court had no power or jurisdiction, it is difficult to imagine in what way the courts could find a remedy in the face of the construction of section 337 of the Code of Criminal Procedure. It is well to note that both the prevailing and dissenting opinions in the *Daiboch* case in the Appellate Division (240 App. Div. 153) proceeded upon the acceptance of the rule in the *Dodd* case that the court had no power to permit the withdrawal of the plea of guilty after service of sentence had commenced. In view of all of the decisions of the appellate courts of this State on the question, the Special Term will be constrained to follow the unbroken line of rulings enunciating a lack of jurisdiction. The conclusion arrived at finds support from another legal aspect.

Section 2188 of the Penal Law prohibits the interruption of an imprisonment once the imprisonment has begun. (*Matter of Moore* v. *Thorn*, 245 App. Div. 180; affd., 270 N. Y. 502; *Matter of Cedar*, 240 App. Div. 182; affd., 265 N. Y. 620; *People ex rel. Miresi* v. *Murphy*, 253 App. Div. 441.) While it may be true that section 2188 is concerned generally with the imposition of sentences, and more particularly with the conditions under which sentence may be suspended and a defendant placed on probation, its final clause to the effect that " the imprisonment directed by the judgment shall not be suspended or interrupted after such imprisonment shall have commenced " is but another indication of the policy of this State, as expressed in its statutes, that once a trial judge has imposed sentence and imprisonment has begun, the jurisdiction of the court is ended. Discretion to relieve from the hardships of any particular case is lost when the power vanishes. Execution of the judgment of sentence imposed by the court strips it of that discretionary power.

Upon the question presented here, the holdings of courts of other States are not uniform. Lack of power to permit withdrawal of a plea of guilty after sentence under a statute similar to our section 337 was declared in *State* v. *McKeen* (186 Wash. 127; 56 P. [2d] 1026); *State* v. *Scott* (101 Wash. 199; 172 P. 234); *State* v. *Anderson* (109 Wash. 161; 186 P. 266); *State* v. *Van Klaveren* (208 Iowa, 867; 226 N. W. 81). A contrary conclusion was reached in *People* v. *Schwarz* (201 Cal. 309; 257 P. 71); *Griffin* v. *State* (12 Ga. App. 615; 77 S. E. 1080); *State ex rel. Foot* v. *District Court*

(81 Mont. 495; 263 P. 979); *People* v. *Perez* (9 Cal. App. 265; 98 P. 870), and *State* v. *Raponi* (32 Ida. 368; 182 P. 855). The English courts have denied the right to withdraw the plea after judgment. (*Regina* v. *Sell*, [1840], 9 Car. & P. 346; 173 Eng. Reprint, 863; *Rex* v. *Plummer*, [1902], 2 K. B. 339.) (See, also, annotations, 20 A. L. R. 1445 and 66 id. 628, and discussions in 30 Mich. L. Rev. 307; 20 Minn. L. Rev. 223–225, and 74 U. of Pa. L. Rev. 94, 95.)

The respondent urges that to hold that the court has no power to permit the withdrawal of a plea of guilty in an appropriate case might lead to injustice to the individual concerned. The obvious answer to that is that there is always the remedy of executive clemency. In *Dodd* v. *Martin* (*supra*, 399) the court said: " The Legislature has provided a mechanistic rule to take the place of the discretionary powers of the judge in passing sentence on second offenders. The Executive may relieve from the hardship of a particular case. We cannot."

In the recent case of *People ex rel. Prisament* v. *Brophy* (287 N. Y. 132), dealing with the question whether a presidential pardon altered the status of the defendant as a second offender, LEHMAN, Ch. J., speaking for the court, said (p. 139): " In practice, inflexible rules of procedure may deny to a person wrongfully convicted any further access to the court. Then his only means of redress is appeal to the executive." Again in the same opinion (p. 140) it was said: " Any inflexible rule or standard of punishment prescribed by statute will inevitably work injustice in particular cases. The remedy in such cases lies with the executive of the state, not the court."

The provisions of section 337 of the Code of Criminal Procedure and section 2188 of the Penal Law, in my opinion, prescribe inexorable and inflexible rules which cannot be overcome by the courts. The remedy in this case is to seek relief from the Executive.

Motion for order of prohibition is, therefore, granted. Settle order on notice.