The People of the State of New York, Plaintiff, *v.* James McDonald, Defendant.

County Court, Kings County, June 25, 1954.

*Nathan R. Schor* for defendant.

*Edward S. Silver, District Attorney (Aaron Nussbaum* of counsel), for plaintiff.

Barshay, J.  This is an application by the defendant in the nature of a writ of error, *coram nobis,* to vacate and set aside a judgment of conviction, dated December 18, 1933, convicting him, upon his own plea of guilty of robbery in the first degree, and sentencing him to Sing Sing Prison, for a term of thirty to sixty years.  This sentence was corrected on January 18, 1938, and the defendant was resentenced to a term of imprisonment of thirty years, plus five years for the possession of a gun.

A hearing, granted on an application for similar relief was held before the Hon. LOUIS GOLDSTEIN, a former County Judge of Kings County, and resulted in a denial of the petitioner's application on February 6, 1951. An appeal from that order was dismissed for no appearance by the appellant, on February 15, 1952.

On consent of the District Attorney, this hearing was granted and by stipulation, the minutes of the hearing held on November 21, 1950, before Judge GOLDSTEIN, were incorporated and made a part of this record. The defendant testified that on December 1, 1933, he was arraigned before the Hon. FRANKLIN TAYLOR, County Judge of Kings County, on an indictment charging him with the crimes of robbery in the first degree, petit larceny, and assault in the second degree; that he was not represented by counsel; that he had not retained counsel; and that no one advised him of his right to counsel; that he did not know he was entitled to counsel; that he pleaded guilty to robbery in the first degree; that on December 12, 1933, a hearing was held to determine whether or not he was armed with a weapon at the time of the commission of the crime, in accordance with the provisions of section 1944 of the Penal Law; that the court determined he was armed within the meaning of said section; that at that proceeding he was neither represented by, nor advised of his right to counsel; that on the 18th of December, 1933, he was arraigned on an information charging him with being a second felony offender and was so adjudged; that he was sentenced to a term in State's prison of not less than thirty-five and not more than seventy years; that in that proceeding he was not advised of his right to counsel and appeared without one. The sentence was subsequently corrected as above set forth; that at the time of resentence he was without counsel; that he never waived his right to counsel in any of the aforesaid proceedings; that he first became aware of his statutory rights in the early part of 1950, when he immediately commenced *coram nobis* proceedings.

The defendant was twenty-three years of age at the time of his original sentence in December, 1933. He admitted a prior conviction in 1933, for attempted grand larceny in the second degree, before the same Judge who sentenced him on this charge; that on that occasion counsel was assigned to him.

Judge GOLDSTEIN found " that the presumption of regularity attending the judgment of conviction has not been rebutted; that the defendant was duly advised of his right to counsel

and that he intelligently and competently waived his right to be represented by counsel, that he fully comprehended the meaning and consequences of his plea of guilty ''. That decision was based on the court's reliance on the testimony of the late George R. Leonard, a clerk of the County Court of Kings County for many years, who swore that it was his invariable custom, when a defendant appeared for pleading without counsel, to ask him if he had counsel and to advise him of his right to the assignment of counsel.

On this hearing the defendant called David F. Price, Esq., a reputable and experienced member of the Bar since 1911, who devoted his time exclusively to the practice of the criminal law. He testified that since his admission to the Bar he was present in the County Court of Kings County almost every arraignment day and was thoroughly familiar with the practice and procedure that prevailed in that court upon arraignment of prisoners indicted for felonies; that the practice was as follows: the defendant was called to the Bar and was asked: '' What is your true name?''; he was then advised of the charge upon which he was indicted; he was then asked if he was guilty; if the defendant acknowledged his guilt, the presiding judge would then ask the District Attorney what plea he recommended; in response, the District Attorney would suggest a plea; if satisfied, the court would say: '' Take the plea ''; if the plea suggested was less than the court would accept, a discussion ensued and a plea acceptable to all was agreed on; the defendant would take the plea and be remanded to jail for a sentence; that all these questions were put to defendants not represented by counsel by the clerk of the court, Mr. George R. Leonard; that he never heard a defendant, appearing without counsel, advised of his right to counsel; that on several occasions he spoke to Mr. Leonard whom he knew personally and represented as counsel, in personal matters, about the provisions of section 308 of the Code of Criminal Procedure and advised him that defendants' rights were being violated and that the procedure and practice being followed by him was wrong; that he spoke to the Hon. GEORGE W. MARTIN, now deceased, then the senior Judge of that court, about the same matter, and asked Judge MARTIN to take this matter up with the board of judges; that nothing came of the conversations he had with either Mr. Leonard or Judge MARTIN. With commendable fairness, the District Attorney, through his assistant, Aaron Nussbaum, stipulated that several former Judges of

the County Court of Kings County, to wit: the Hon. NORMAN S. DIKE, Hon. GEORGE W. MARTIN, Hon. LEWIS L. FAWCETT and Hon. REUBEN L. HASKELL, had testified in other *coram nobis* proceedings that it was their practice to accept pleas of guilty from defendants without advising them of their right to counsel.

The District Attorney consented to permit the Hon. Morgan E. Lane, an assistant district attorney of Kings County, since 1950, to testify on the question of the custom and practice on arraignments in the County Court. He testified that since 1927, and up to the time he became an assistant prosecutor, he was an active practitioner in the County Court of Kings County; his appearances in the court on arraignment days were frequent; he supported Mr. Price's testimony on the custom and practice that prevailed in that court; he personally saw pleas of guilty being accepted from defendants unrepresented by counsel and without their being advised of their right to counsel; he became so concerned about the violation of defendants' rights and the courts' failure to comply with the provisions of section 308 of the Code of Criminal Procedure; that he found it necessary to address a letter to the editor of the Law Journal concerning the subject matter; it was published on August 24, 1931 (a photostatic copy of it was marked in evidence). In it, he decried the practice then prevalent on arraignment days in the County Court and called to the attention of the Bar the difference in the practice and procedure that prevailed in the County Court of Kings County and the Court of General Sessions, New York County; " in the County Court of Kings County, when the person is arraigned he is asked to plead to the indictment first. * * * if he has not retained counsel he pleads to the indictment without the aid of counsel and *then* counsel is assigned to him." (Emphasis supplied.) He specifically called attention to the provisions of " section 308 of the Code of Criminal Procedure " and urged that counsel should be assigned before pleading. (N. Y. L. J., Aug. 24, 1931, p. 2336, col. 3.)

The court has examined the records of the clerk of the County Court which are silent on the subject of assignment of counsel to this defendant in this case and has read and considered the testimony given by the late George R. Leonard before the Hon. LOUIS GOLDSTEIN, and has likewise considered the testimony of David F. Price and Morgan E. Lane, and the stipulated testimony of the former County Judges of Kings County in other *coram nobis* proceedings. In addition, the court has taken

judicial notice of the change in procedure on arraignment days since the decision in *Matter of Lyons* v. *Goldstein* (178 Misc. 155, affd. 264 App. Div. 847, revd. 290 N. Y. 19) and has concluded that in this case the presumption of regularity has been rebutted; that at no time in this matter was the defendant represented by or advised of his right to counsel; that he did not intelligently waive that right. The motion to set aside the judgment of conviction dated December 18, 1933, and subsequently corrected on January 18, 1938, is granted. The defendant is to be brought before me as soon as convenient for appropriate proceedings in conformity with this decision. Submit order.