Archibald C. Wemple, J.
The defendant herein pled guilty on June 9, 1958 in the Schenectady Police Court to violation of section 970 of the Penal Law, and received a sentence of a fine of $500 or 150 days in Schenectady County Jail, plus 30 days in county jail.
On the same date the defendant also pled guilty to violation of section 974 of the Penal Law and received a sentence of a fine of $350 or 90 days in the county jail. The third charge of violation of section 973 of the Penal Law was dismissed.
The total fines of $850 were paid by this defendant on the sentences above set forth, but after serving two days in the Schenectady County Jail on the first-mentioned sentence, the defendant was released on a certificate of reasonable doubt granted by the Judge of County Court. The defendant then appealed to the County Court from the sentences on the grounds stated hereinafter.
On the appeal, the defendant, through his attorney, Davis M. Etkin, Esq., argued that the County Court, as an appellate court on the appeal, had the power to modify the sentence of a lower court. The defendant further argued that the sentences imposed by the Police Court of the City of Schenectady provided for double punishment, since the alleged crimes arose out of one act. The defendant’s counsel argued that the violations of sections 970 and 974 herein to which this defendant pled guilty constituted the single crime of common gambling.
The District Attorney, on the other hand, argues that, assuming the sentences were improper, the matter should be remitted to the Police Court of the City of Schenectady for resentence. The District Attorney further argues that the proper forum is the Police Court and the proper method is to move to correct an illegal sentence by application for a writ of error coram nobis.
Section 517 of the Code of Criminal Procedure outlines in what cases appeal may he taken by the defendant. It is well established that there can be no appeal from the sentence, but only from a judgment. Section 515 of the Code of Criminal Procedure states, in so many words, that the only mode of reviewing a judgment or order is by appeal.
In the Matter of Stebbins v. Sherwood (148 Misc. 763, 764-765) the court held as follows: “A review by appeal is given from a judgment of conviction or an intermediate decision, and not from a sentence.”
*1078 In the instant case, and following the case just cited, the proper remedy for this defendant is to make an application to the Schenectady Police Court for a writ of error coram nobis to correct an illegal sentence. If he is denied this remedy, then an appeal will lie in this court.
The appeal from the sentence herein is denied without prejudice to the right of the defendant to move to correct his sentence in the court below.
Submit order accordingly.