■ ROBERT KILGOUR, Respondent, v. TENNEY CORPORATION, Appellant.— Order, entered on July 2, 1968, denying defendant's motion to dismiss the complaint in this action for specific performance, unanimously reversed, without costs or disbursements, on the law, motion granted and complaint dismissed, with leave to plaintiff to apply at Special Term for vacatur of the dismissal and permission to serve an amended complaint if he be so advised. The sparse information in the record concerning the underlying transaction makes it difficult to determine the precise nature of plaintiff's cause of action. As the record now stands, most of the court would hold that at best an action for damages may perhaps be maintainable, while there is some view that a trial on the present complaint might possibly develop facts tending to support the relief demanded. In the circumstances it is concluded that plaintiff should be given an opportunity to obtain leave to amend his complaint by providing Special Term with "some evidentiary showing that the claim can be supported" (*Cushman & Wakefield* v. *John David, Inc.*, 25 A D 2d 133, 135). Concur — Botein, P. J., Eager, Steuer, Capozzoli and McGivern, JJ.

■ In the Matter of FRANK S. HOGAN, as District Attorney of the County of New York, Petitioner, v. ALFRED M. ASCIONE, as a Justice of the Supreme Court of the State of New York, et al., Respondents.— Petition of the District Attorney under article 78 of the CPLR, verified October 10, 1968, granted, the sentence imposed upon respondent Benito Ramos annulled, and respondent Alfred M. Ascione ordered to resentence Ramos in accordance with the law. As Ramos was convicted, among other counts, of robbery in the first degree while armed with a dangerous weapon, section 2188 of the former Penal Law, which is applicable to this case, rendered mandatory the execution of a prison sentence upon him, and he should be resentenced in accordance therewith (*Matter of Bennett* v. *Merritt*, 173 Misc. 355, affd. 261 App. Div. 824, affd. 286 N. Y. 647; *People* v. *Procito*, 261 N. Y. 376; *Matter of Stebbins* v. *Sherwood*, 148 Misc. 763, affd. 241 App. Div. 615). An article 78 proceeding is an available remedy for the People to invoke (*Matter of Bennett* v. *Merritt*, *supra*; *Matter of Dodd* v. *Martin*, 248 N. Y. 394; *Matter of Cropsey* v. *Tiernan*, 172 App. Div. 435). Concur — Botein, P. J., Eager, Steuer, Capozzoli and McNally, JJ.