STATE OF IOWA, Appellee, v. ART VAN KLAVEREN, Appellant (two cases).

Nos. 39643, 39644.

JUNE 24, 1929.

*R. R. Ramsell,* for appellant.

*John Fletcher,* Attorney-general, and *E. K. Bekman,* County Attorney, for appellee.

WAGNER, J.—Defendant's attack upon the judgments in these two cases was made by the same motion, and his briefs and arguments in said cases in this court are identical. We will, therefore, dispose of the same in one opinion. The first of said cases was known in the district court as Cause No. 6114, and the second as No. 6167, and we will so speak of them in this opinion.

On March 21, 1928, in Cause No. 6114, a county attorney's information consisting of two counts was filed. The first count charges that, on or about the 29th day of February, 1928, the defendant did use a certain building and place situated in Wapello County for the purpose of having possession of certain instruments commonly known as a still, intended for use and capable of being used in the manufacture of intoxicating liquor. The second count charges that, on or about the 29th day of February, 1928, the defendant did unlawfully have in his possession certain intoxicating liquors, to wit, "Moonshine Whiskey." On April 16, 1928, the defendant, by his attorney, waived arraignment, and entered a plea of not guilty; and at the request of the defendant, the cause was continued to the next term of the district court. At said term, on September 10, 1928, the defendant appeared in court without his attorney, and stated that he did not desire his presence, and personally asked to withdraw his plea of not guilty, and entered a plea of guilty, as charged in Count 1 of the information. On motion of the county attorney, Count 2 of the information was dismissed. Thereupon,

the court fixed as the time for pronouncing judgment September 17th, on which date the defendant appeared in person and stated in open court "that he had nothing to say, or no reason to offer why judgment should not be pronounced;" and the court entered judgment, imposing a fine of $600 and the costs of prosecution, including an attorney's fee of $50 to be taxed in favor of the county attorney, and ordering that defendant be committed to the county jail until such fine and costs were paid, such imprisonment to be one day for each $3.33 1/3 of said fine and costs, and further ordering that the defendant be imprisoned in the county jail for a term of six months.

In Cause No. 6167, the grand jury, on September 5, 1928, returned an indictment against the defendant, it being therein charged that, on or about the 18th day of August, 1928, the defendant did unlawfully transport and convey in a certain automobile certain intoxicating liquors, to wit, "hooch." It is further charged in the indictment "that the defendant, Art Van Klaveren, has been formerly convicted in the district court of Monroe County, Iowa, on the charge of maintaining a liquor nuisance; and judgment was rendered against said defendant by said court on March 14, 1928, and which is found in District Court Record 34, page 331, of Monroe County." On September 7th, the defendant appeared in court, and was there informed of his right to counsel, and made the statement that he did not desire an attorney, and was duly arraigned; and the court fixed the time for the plea for September 10, 1928, when the defendant appeared in person, and entered a plea "that he is guilty as charged in the indictment," and September 17th was fixed as the time for pronouncing judgment. On the latter date, immediately after the pronouncement of judgment in Cause No. 6114, the court entered judgment in this case, imposing a fine of $1,000 and costs of prosecution, including an attorney's fee of $50 in favor of the county attorney, and ordering that he be committed to the county jail of Wapello County until said fine and *costs* are paid, at the rate of one day for each $3.33 1/3 of said fine and *costs*; and also ordering that the defendant be imprisoned in the county jail for the term of one year. As a part of the judgment, the court ordered that the imprisonment of the defendant in this case "shall begin at the expiration of the im-

prisonment imposed under the sentences pronounced in Cause No. 6114.''

Thereafter, and during the same term of court, the defendant filed his motion, which was made to apply to both judgments, asking therein for a new trial; that he be permitted to enter a new plea, and for a modification of the sentences and fines imposed by the court. This motion was overruled. That portion of his motion asking for a new trial comes too late. Section 13943 of the Code of 1927 provides that the application for a new trial *must be made before judgment.* That portion of his motion asking that he be permitted to enter a new plea also comes too late. The substitution of another plea for a plea of guilty must occur before the entry of judgment. See Section 13803 of the Code.

The motion contains no grounds which are recognized by our statutory law for the arrest of judgments. It is argued by the defendant that the county attorney's information in Cause No.  6114 is defective, in that the minutes of the testimony of the witnesses do not show that the witnesses were sworn. Defendant's complaint at this point is without merit. See *State v. Hueser,* 205 Iowa 132, where we declared:

''The statute does not require that the county attorney shall attach copies of 'sworn minutes' of the evidence to the information.''

The defendant further argues that the minutes of the evidence of each witness are not attached to, or filed with, the information. We have examined the information, and find that it is sufficient in this respect to comply with the statutory law, Section 13647 of the Code. Moreover, a failure, if any, in this respect has been waived by the defendant. See Section 13659 of the Code.

It is apparent that the only thing properly coming before us for our consideration is the punishment which was inflicted by the court, which the defendant alleges is excessive. The motion of the defendant is supported by the affidavits of himself and wife and a physician. Their affidavits are to the effect that the defendant is not in the prime of health, and that a long period of confinement in the county jail might undermine his health and lead to serious

consequences. It is sufficient to say that a period of confinement by way of imprisonment might weaken the condition of a healthy man, and that many men now in good health will pass into eternity before the expiration of the period of imprisonment given to the defendant; but that is not sufficient reason why the guilty should not be punished. Should conditions which would warrant the release of one imprisoned for crime, on account of bad health or any other reason, arise in the future, the case will then be one requiring the attention of the department whose duty it is to grant pardons and paroles. This duty rests upon another branch of our state government, and not upon this court.

The plea of guilty by the defendant was voluntary upon his part; there is no denial of his guilt; there is no showing that the plea of guilty was obtained by reason of any improper conduct on the part of the county attorney. The defendant, in his argument, states: ''The defendant does not contend that the county attorney intentionally and deliberately misled or misinformed the defendant.'' It appears that the defendant is a married man, with a wife and six children, ranging from 2 to 17 years of age; that the wife has three children by a former marriage, ranging from 18 to 21 years of age; that the wife is the owner of a farm of 72 acres in Wapello County; and that the personal property is assessed to her. It further appears from the affidavits that the defendant and his wife interviewed the county attorney before the plea of guilty was entered, and that the defendant informed the county attorney that he would never again break the liquor laws of the state of Iowa. Prior to the time of the offense for which he was indicted, he had made the same promise to the county attorney. This is something to be considered on the question of his good faith in making the promise in the instant cases. There was no inducement held out by the county attorney to a plea of guilty by the defendant. He was in no way prevented from showing any mitigating facts which he might care to produce. He was given the opportunity, and informed the court that he had nothing to say in his behalf. It cannot be successfully asserted that any undue advantage of the defendant was taken by the county attorney or by the court. Count 2 of the county attorney's information was dismissed. The punishment imposed for the crime of nuisance charged in the county attor-

ney's information is much less than the maximum provided for by Section 1930 of the Code, and said judgment complies with the law. We find no reason for interfering with said judgment.

With reference to Cause No. 6167, the judgment is the maximum for illegal transportation of intoxicating liquor provided for by Section 1945-a1 of the Code, and also as provided for in Section 1964 of the Code for one who has been previously convicted of a violation of the liquor statutes. On March 14, 1928, he had been previously convicted in the district court of Monroe County of the crime of maintaining a liquor nuisance. As shown by the testimony of the sheriff and his deputy, taken before the grand jury and attached to the indictment, the defendant, at the time of his arrest, had in his car 36 pints of "Moonshine Whiskey." He was charged with conviction of the previous offense, as well as the illegal transportation of intoxicating liquor. He was, in fact, a persistent violator of the law; and taking that fact into consideration, we cannot say that the punishment meted out by the court was too severe.

It will be observed that the court, by its judgment in Cause No. 6167, made the imprisonment of the defendant under the sentence imposed in said cause to begin at the expiration of the imprisonment imposed under the sentence in  Cause No. 6114. This is permissible, under Section 13959 of the Code. In Cause No. 6114, he was duly punished for the charge contained in the first count thereof. In Cause No. 6167, he was punished for the crime therein charged. (We are content with the action of the court in making the term of imprisonment in the latter cause begin with the expiration of the term of imprisonment in the former cause. There is no more reason for extending leniency to this defendant than there would be for one who had committed larceny or burglary or some other offense on February 29th, and another offense on August 18th. The object of punishment is not only to reform the defendant and deter him in the commission of crime, but also the deterring effect which it may have upon others who may be likewise inclined. The legislative branch of our state government, in recent years, has made the punishment for liquor violations more severe than formerly. For cases where we have refused to interfere with the punishment for liquor violations, see *State v. Hillman*, 200 Iowa 320; *State*

*v. Japone,* 202 Iowa 450; *State v. Burch,* 202 Iowa 348; *State v. Nolta,* 205 Iowa 595; *State v. Gasparia* (Iowa), 214 N. W. 550 (not officially reported).

We call attention to the fact that the judgment in Cause No. 6167 orders the defendant committed to jail until said fine and *costs* are paid, at the rate of one day for each $3.33 1/3 of said  fine and *costs.* The defendant raises no objection to the same. However, it is our duty, under Section 14010 of the Code, to examine the record without regard to technical errors or defects which do not affect the substantial rights of the parties, and render such judgment on the record as the law demands. There can be no imprisonment for nonpayment of costs, without statutory authority. Under the Nuisance Statute, Section 1930 of the Code, there can properly be imprisonment for nonpayment of costs, for the statute so provides; but there is no authority for imprisonment for nonpayment of costs for the illegal transportation of liquor, as defined in Section 1945-a1 of the Code, or for a second conviction, referred to in Section 1964 of the Code. Therefore, that part of the judgment ordering imprisonment for nonpayment of costs in Cause No. 6167 is unwarranted, and said judgment is modified accordingly. In all other respects, said judgment and the judgment in Cause No. 6114 are hereby affirmed.—*Judgment in first case affirmed. Judgment in second case modified and affirmed.*

ALBERT, C. J.; and EVANS, KINDIG, and GRIMM, JJ., concur.