STATE OF IOWA, Appellee, v. RAYMOND R. WARNER, Appellant.

No. 45927.

JUNE 16, 1942.

H. W. Hanson, of Des Moines, for appellant.

John M. Rankin, Attorney General, Jens Grothe, Assistant Attorney General, and Francis J. Kuble, County Attorney, of Des Moines, for appellee.

BLISS, C. J.—The appeal is submitted on a clerk's transcript, supplemented by appellant's abstract of the record. Neither party has filed a brief and argument. It appears from the record before us that the judgment against the appellant was entered in the Criminal Journal No. 220 of the district court of Polk county, Iowa, otherwise known as the record book, on the 4th day of November 1941. This entry was spread upon the record from the original judgment signed by the judge who rendered it. On the 6th day of November 1941, the appellant, by his

attorney, filed his motion to withdraw his plea of guilty and have a trial on the merits. As a part of the motion, and attached to it, was an "affidavit of merit" by his attorney, stating that when the plea of guilty was made he overlooked the fact that such plea entailed the mandatory revocation of the driver's license of the appellant, and that without the use of his automobile he could not earn his livelihood as a salesman, and that the appellant was not guilty as charged.

The court was right in overruling the motion. Section 13803, Code, 1939, provides that the court may permit the plea of guilty to be withdrawn and other plea substituted, at any time before judgment. This section was construed by the court in State v. Wieland, 217 Iowa 887, 251 N. W. 757, and it was there held that, since the oral pronouncement of the order of judgment and sentence had not taken the form of final judgment by entry in the record book of the court, the defendant's withdrawal of his plea of guilty should have been granted. But in the case before us, final entry of the judgment in the record book of the court had been made before the defending appellant had made or filed his motion to withdraw his plea of guilty. The situation in this case is entirely different than that of State v. Kellison, 232 Iowa 9, 4 N. W. 2d 239.

The judgment is, therefore, affirmed.—Affirmed.

All JUSTICES concur.