STATE of Iowa, Appellee,

v.

Charles D. WHITEHEAD, Appellant.

No. 53237.

Supreme Court of Iowa.

Jan. 14, 1969.

Harry H. Smith, Sioux City, for appellant.

Richard C. Turner, Atty. Gen., James R. Martin, Asst. Atty. Gen., Edward F. Samore, Woodbury County Atty., for appellee.

STUART, Justice.

This is a companion case to State v. Weitzel, Iowa, 163 N.W.2d 903, filed January 14, 1969.

Defendant pleaded guilty to the charge of breaking and entering and was sentenced to not more than 10 years in the men's reformatory at Anamosa. Immediately after sentence, defendant filed a motion to withdraw the plea of guilty, which was denied by the trial court after hearing. Defendant appealed claiming the plea of guilty had been induced by false promises of leniency and was therefore void.

Defendant was apprehended about 10:00 p. m. March 24, 1968 inside the All Wheel Drive Company building which had been entered by breaking out a window in a door to unlock it. Weitzel and a girl were picked up about one-half block away in an automobile. Weitzel and Whitehead, both 18 years old, were informed of their constitutional rights including the right to counsel. They readily admitted their involvement in the breaking and entering.

On March 26, 1968 defendant and Weitzel appeared with court appointed counsel of their choice, waived arraignment and were given 10 days to plead to the information.

On April 8, 1968 defendant and Weitzel appeared with counsel and entered a plea of guilty. The following record was made in defendant's case at that time.

"The Court: What is your plea to that charge? Mr. Whitehead: Guilty.

"The Court: What? Mr. Whitehead: Guilty.

"The Court: Is that plea entered by you freely and voluntarily? Mr. Whitehead: Yes.

"The Court: Has it been explained to you that in this case you're entitled to a jury trial? Mr. Whitehead: Yes. .

"The Court: And have you been advised by your counsel as to all your rights in this case? Mr. Whitehead: Yes, sir.

"The Court: And after that advice you still enter a plea of guilty? Mr. Whitehead: Yes, sir.

"The Court: Is there any question or doubt as to your guilt in this case? Mr. Whitehead: No."

The trial court set April 16 for judgment and sentence and ordered a pre-sentence investigation. On that date defendant and Weitzel appeared for sentencing with their counsel. The statements of the assistant county attorney and defendant's attorney were not recorded, but apparently the county attorney's office fulfilled a commitment to not object to leniency.

Weitzel's case was considered first. The following record was made therein:

"The Court: Mr. Weitzel, is there any doubt or question in your mind as to your guilt in this case? Mr. Weitzel: No.

"The Court: And also being involved in approximately—in 15 other break-ins? Mr. Weitzel: Pardon?

"The Court: As shown by this—by the pre-sentence investigation there are 15 various break-ins since December 30, 1967, to the present time that you have been involved in. Is there any question or doubt in your mind as to those acts? Mr. Weitzel: No."

The trial court then sentenced Weitzel to 10 years in the state reformatory at Anamosa.

Defense counsel had not expected a prison sentence for an 18 year old first offender and made a more complete record when Whitehead came on for sentence. He pointed out that the information about the other crimes was in the presentence report because the boys cooperated with the police in the expectation of leniency. Defendant was also sentenced to 10 years in the reformatory. The court commented:

"It appears to the court that defendant was arrested for larceny of a motor vehicle in January of 1965 and was referred to a probation officer. That according to the pre-sentence investigation, from June of 1965 to the present time, defendant has participated in 18 breaking and enterings, and that it is thus impossible to grant leniency to this defendant."

Counsel for defendant immediately filed a motion to withdraw the plea of guilty. At the hearing on the motion to withdraw the plea the assistant county attorney stated: "[T]he State would only say to the court that we would like to make it abidingly clear that we have no objection to the defendant withdrawing his plea of guilty, if the court should see fit to grant him this permission to do so."

Record was then made as to the questioning of the boys by the police officers after they had admitted the crime here charged. The two police officers then asked them about other unsolved crimes. In the Weitzel case counsel for defendant offered to prove Weitzel would testify: "that following his confession to this particular crime, the one that is subject to * * * this County Attorney's Information, that if he were to make admissions with reference to other offense, that it would go easier with him and that these particular matters would not be used against him."

In the Whitehead case, Whitehead testified:

"Q. Now, were you questioned about other offenses? A. Yes.

"Q. And were you told anything prior to answering those questions? A. Yes.

"Q. What were you told? A. That anything that we answered or told them wouldn't be brought up in court at all.

"Q. Was there anything said as to what was good or bad for you? A. Just told us it wouldn't hurt us in court. Nobody would know it.

"That the officers who questioned him were Mike Larson and Bill Hanson, and that they told him he could have an attorney.

"Q. Was there any conversation involved at all about what your sentence would be? A. They told me it was the first offense, and everything, you would probably get a pretty lenient sentence and 'parole' as they called it."

It was then that the boys confessed to the other breakings and enterings. No charges have been filed for any offense other than the one to which they pleaded guilty.

Trial court denied defendant's request to withdraw the plea of guilty finding defendant entered the plea voluntarily and with advice of counsel, and no claim of mistake, duress, or fraud was shown. Defendant appealed.

■ I. The motion to withdraw the plea of guilty was made after judgment and sentence. We have consistently held such motion is not timely under our statute which provides: "At any time before judgment, the court may permit the plea of guilty to be withdrawn and other plea or pleas substituted." Section 777.15, Code of Iowa; State v. Hellickson, Iowa, 162 N.W.2d 390, filed November 12, 1968; State v. Rinehart, 255 Iowa 1132, 1137, 125 N.W.2d 242, 245; State v. Warner, 232 Iowa 40, 41, 4 N.W.2d 243; State v. Tracy, 219 Iowa 1412,

1415, 261 N.W. 527, 529; State v. Harper, 220 Iowa 515, 525, 258 N.W. 886, 891; State v. Van Klavern, 208 Iowa 867, 870, 226 N.W. 81, 83.

Our authorities which hold the granting of a motion to withdraw a plea of guilty within the sound discretion of the trial court are not applicable as they relate to motions made before judgment and sentence. State v. Hellickson, Iowa, 162 N.W. 2d 390, filed November 12, 1968; State v. Krana, Iowa, 159 N.W.2d 413, 416; State v. Machovec, 236 Iowa 377, 380–383, 17 N. W.2d 843, 845–847.

■ The distinction is sound. A defendant should not be permitted to enter a guilty plea, gamble on the sentence and then move to withdraw the plea if he is disappointed with the severity of the sentence imposed. State v. Rinehart, 255 Iowa 1132, 1138, 125 N.W.2d 242, 245–246.

■ "The District Court, after a hearing, may well conclude that the appellant and his trial attorney had a hope or expectation that a lighter sentence would be imposed; but it is well settled that a mere disappointed expectation of leniency, as opposed to an understanding with the trial judge, is not sufficient cause to vitiate a plea. See Futterman v. United States, 91 U.S.App.D.C. 331, 202 F.2d 185 (1952); United States v. Lowe, 173 F.2d 346 (2d Cir.), cert. denied, 337 U.S. 944, 69 S.Ct. 1499, 93 L.Ed. 1747 (1949); Monroe v. Huff, 79 U.S.App.D.C. 246, 145 F.2d 249 (1944)." United States ex rel. McGrath v. LaVallee, 2 Cir., 319 F.2d 308, 314; United States v. Norstrand Corporation, 2 Cir., 168 F.2d 481, 482.

However, defendant here raises a constitutional question claiming the plea was entered involuntarily as a result of false promises of leniency. The state has not challenged the appeal as being untimely and we will therefore consider the motion to be in place of a habeas corpus action. See State v. Hellickson, supra, division II.

■ II. "A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack." Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473, and citations; State v. Rife, 260 Iowa 598, 149 N.W.2d 846, 848; State v. Bastedo, 253 Iowa 103, 108–109, 111 N.W.2d 255, 258.

Defendant bases his motion on the claimed: (A) agreement of the county attorney not to oppose leniency; (B) statement of the police officers that defendant would probably receive a parole; (C) assurances that if he confessed to other break-ins the admissions would not hurt him in court and no one would know about it.

■ A. The county attorney's office did not oppose leniency at the time of sentence. Furthermore there was no objection to the withdrawal of the plea of guilty. Defendant does not claim he was promised any certain sentence in return for his guilty plea. The prosecution fulfilled the claimed commitment. The county attorney did not act improperly. See State v. Wyckoff, Iowa, 107 N.W. 420.

■ There is nothing wrong with the universal practice of using plea bargaining as a device for disposing of criminal cases. It is entirely proper to grant concessions to defendant who enters a plea of guilty when the public interest is served thereby. Fay, The "Bargained For" Guilty Plea, 4 Crim. Law Bulletin 265, June 1968; Note, Procedural Due Process at Judicial Sentencing for Felony, 81 Harv.L.Rev. 821, 829–830.

"The important thing is not that there shall be no 'deal' or 'bargain' but that the plea shall be a genuine one, by a defendant who is guilty; one who understands his situation, his rights, and the consequences of the plea, and is neither deceived nor coerced." Cortez v. United States, 9 Cir., 337 F.2d 699, 701.

"A more proper inquiry is whether in the circumstances of this case the inducement for the guilty plea was one which necessarily overcame Cortez's ability to make a voluntary decision." Cortez v. United States, supra.

■ B. The statement of the officers that defendant would probably get a parole was no more than an expression of opinion and would not constitute a false promise of leniency. Holt v. United States, 7 Cir., 329 F.2d 368, 371; Swanson v. United States, 8 Cir., 304 F.2d 865, 866.

"There is a considerable difference between an official expressing an 'opinion' as to what sentence a prisoner might receive and his making a 'promise' that if the prisoner will plead guilty, he will receive a certain sentence." United States v. Wallace, D.C., 217 F.Supp. 518, 523. It is not claimed the officers promised defendant a suspended sentence in return for a plea of guilty. It was not even claimed a plea of guilty was discussed by the officers. Furthermore, it was conceded in oral argument defendant was informed by his counsel that the court could not be bound by statements of the officers.

C. The claimed assurances by the officers to defendant were not related to the plea of guilty. The basic objection was to the use of the confession in determining defendant's sentence. The information was obtained in the first interview before arraignment. The confession, not the plea, was induced by such representations. There were no unfulfilled promises made with regard to the guilty plea.

■ In any event, we do not believe a guilty plea should be set aside as involuntary in the absence of an allegation that defendant is in fact innocent. Defendant has never proclaimed his innocence of the crime charged. His participation was readily admitted to the officers after proper warning as to his constitutional rights. His guilt was again specifically admitted at time of plea after cautionary examination by the court and at the hearing on motion to withdraw the plea. "When a defendant who has pleaded guilty makes application to withdraw his plea, he should at the very least allege that he was not guilty of the charge to which he pleaded." United States v. Norstrand Corporation, 2 Cir., 168 F.2d 481, 482; United States v. Hughes, 2 Cir., 325 F.2d 789, 792; United States v. Nagelberg, 2 Cir., 323 F.2d 936.

The case of People ex rel. Valle v. Bannan, 364 Mich. 471, 110 N.W.2d 673 is cited by defendant as support for his position. The facts are so different we do not consider it applicable here and need not discuss the merits of the opinion.

We do not believe the plea of guilty was coerced or induced in such a way that it lost its voluntary character.

Affirmed.

All Justices concur except BECKER, J., who dissents.