STATE of Iowa, Appellee,

v.

Steve Anthony VANTRUMP, Appellant.

No. 53478.

Supreme Court of Iowa.

Sept. 5, 1969.

James H. Cothern, Osceola, for appellant.

Richard C. Turner, Atty. Gen., Larry Seckington, Asst. Atty. Gen., and Richard J. Murphy, County Atty., for appellee.

RAWLINGS, Justice.

Charged by county attorney's information with first offense operation of a motor vehicle while intoxicated, defendant, Steve Anthony Vantrump, pled guilty and was sentenced. Upon denial of his motion to withdraw the plea so entered, he appeals. We affirm.

Minutes attached to the information disclose an Iowa Highway Patrolman arrested defendant, then intoxicated, while he was driving an automobile near the intersection of Interstate 35 and Highway 34.

Defendant was arraigned October 9, 1968, and counsel appointed to represent him. He then entered a guilty plea and was sentenced to pay a fine of $500 or be confined in the county jail 100 days.

For some unknown reason judgment was not entered of record until 10:59 A.M., October 14, 1968. On that date, time not shown, defendant appeared in court with his attorney and orally moved for leave to withdraw his prior plea. That motion was overruled. Trial court thereafter appointed other counsel to pursue this appeal.

Vantrump now claims he is entitled to a reversal because his motion for leave to withdraw the guilty plea should have been

granted, and his appointed attorney was incompetent with regard to presentation of that motion.

I. Defendant first contends it was an abuse of discretion on the part of trial court to deny the plea withdrawal request.

We have repeatedly held a post-judgment motion for leave to withdraw a guilty plea is not timely. Section 777.15, Code, 1966; State v. Whitehead, Iowa, 163 N.W.2d 899, 901; and State v. Hellickson, Iowa, 162 N.W.2d 390, 395. See also State v. Warner, 232 Iowa 40, 41, 4 N.W.2d 243.

So, defendant must here inferentially take the position his motion was made prior to entry of judgment. In that regard the record is not too clear.

But, even if we proceed on the questionable basis defendant's plea withdrawal motion was made prior to entering of judgment, his argument still accords him no basis for relief.

Since State v. Machovec, 236 Iowa 377, 380–384, 17 N.W.2d 843, we have repeatedly held, grant of leave to withdraw a guilty plea, before judgment, rests in trial court's discretion.

To that effect is this statement in State v. Krana, Iowa, 159 N.W.2d 413, 416: "The rule is now clear that if a defendant, with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty, enters such a plea understandably and without fear or persuasion, the court may without abusing its discretion refuse to permit its withdrawal. (Authorities cited)."

Referring now to the record in the case at bar, it reveals that when trial court asked defendant his reason for requesting leave to change the plea, he answered, in substance, a $500 fine or 100 days in jail was "kind of steep for a first offense." This was the only explanation offered.

We said, however, in State v. Whitehead, supra, loc. cit., 163 N.W.2d 902: "A defendant should not be permitted to enter a guilty plea, gamble on the sentence and then move to withdraw the plea if he is disappointed with the severity of the sentence imposed. State v. Rinehart, 255 Iowa 1132, 1138, 125 N.W.2d 242, 245–246.

" 'The District Court, after a hearing, may well conclude that the appellant and his trial attorney had a hope or expectation that a lighter sentence would be imposed; but it is well settled that a mere disappointed expectation of leniency, as opposed to an understanding with the trial judge, is not sufficient cause to vitiate a plea. (Authorities cited.)' " See also American Bar Association Project on Minimum Standards for Criminal Justice, Pleas of Guilty, Approved Draft, Part II, section 2.1, pages 9–10.

Assuming, for our purpose, the controversial motion was made prior to judgment entry, we still find no abuse of discretion on the part of trial court in refusing to allow withdrawal of the guilty plea previously entered.

II. Defendant also argues the subject motion should have been granted because trial court, in originally accepting the plea, acted without benefit of knowledge as to whether there existed a factual basis supporting it.

At the outset we conclude the guideline standards enunciated in State v. Sisco, Iowa, 169 N.W.2d 542, opinion filed July 24, 1969, should not be applied retrospectively.

But that alone does not serve to resolve the issue at hand.

As previously disclosed, Vantrump was charged with operating a motor vehicle while intoxicated, first offense, in violation of Code section 321.281. There are only two basic elements to any such act. First an individual must be operating a motor vehicle, and second be then intoxicated. See State v. Valeu, 257 Iowa 867, 868–871, 134 N.W.2d 911; State v. Biggins, 245 Iowa 903, 906–907, 63 N.W.2d 292; State v.

Hiatt, 231 Iowa 499, 501, 1 N.W.2d 664; and State v. Boyle, 230 Iowa 305, 306, 297 N.W. 312.

In the instant case, minutes attached to the information disclose the arresting officer was prepared to testify as to existence of both elements of the offense. Confining ourselves to the offense charged and circumstances here involved, we cannot say trial court had before it insufficient information upon which to determine whether a factual basis for the plea existed.

III. Vantrump next contends he had inadequate and ineffective counsel, in violation of his constitutional right, at time of hearing on the application for leave to withdraw his guilty plea. With regard to competency of counsel see State v. Kendall, Iowa, 167 N.W.2d 909, 910–911. The foregoing contention is apparently based on this in-court statement may by appointed trial counsel, at commencement of the plea withdrawal hearing: "He [defendant] advised me, at that time, that he wished to change his plea from guilty to not guilty. He wished to have a trial. Or, as I understood it, in the alternative, or perhaps together, to take an appeal from the judgment entry entered.

"Now, I'd like the record to show this is about all I know of this situation and I would like to have the Court direct some questions toward the defendant here as to what he desires, not what I tell the Court. In the event any further proceedings are had in this case, I'd like to have my name withdrawn from consideration by the Court for any further proceedings, either in the nature of appeal or any other, further proceedings on this action. I would like not to be considered for appointment, either continuing as I am at this time, or for further appointment in the Supreme Court."

It might be argued, counsel should have made a written application for leave to withdraw the guilty plea, or could have been more vigorous in his presentation of the matter. But, under the rule set forth in State v. Kendall, supra, this alone does not mean defendant was represented by an incompetent attorney.

As heretofore revealed defendant was provided the services of an attorney upon arraignment, and at that time, after conferring with counsel, entered a guilty plea. Subsequently he appeared in court, and orally moved for leave to withdraw the prior plea. Significantly the assigned trial attorney was not allowed to retire from the case until after the court had ruled on the plea withdrawal motion. Only then was other counsel appointed to take this appeal.

We now hold the record fails to support defendant's claim to the effect he was provided incompetent trial court counsel.

Affirmed.

All Justices concur.