James Frank MELKA, Petitioner-Appellant,

v.

Charles HAUGH, Respondent-Appellee.

No. 54899.

Supreme Court of Iowa.

Oct. 13, 1971.

Daryl E. Roberts, Independence, for petitioner-appellant.

Richard C. Turner, Atty. Gen., Richard N. Winders, Asst. Atty. Gen., and Kenneth Martinson, Buchanan County Atty., for respondent-appellee.

STUART, Justice.

On August 20, 1970, appellant filed pro se a Petition for Writ of Habeas Corpus which the trial court treated as an application filed under the Uniform Postconviction Procedure Act, Chapter 663A, The Code. Counsel was appointed for petitioner. The respondent filed an answer asking for dismissal of the petition. On October 8, 1970 petitioner filed an affidavit to substantiate the writ. No counter affidavits were filed. On October 14, the court, proceeding under section 663A.6, filed an order indicating its intention to dismiss the application without hearing and gave petitioner 30 days to reply to such order. Petitioner did not reply and the petition was dismissed December 16, 1970. Petitioner appealed. We remand the matter to the district court for an evidentiary hearing.

Appellant's application is based on the claim that his plea of guilty to larceny in the nighttime on May 15, 1969 was not willingly and voluntarily made with full knowledge of his constitutional rights. By affidavit he claims neither his attorney nor the court told him he had an absolute right to plead not guilty after he had made a statement admitting guilt and he was of the opinion he had to plead guilty. He also claimed his attorney had informed him he would receive a five-year suspended sentence and be placed on a one year probation. The state filed no counter affidavits.

The plea in this case is not governed by the standards enunciated in State v. Sisco (Iowa, 1969), 169 N.W.2d 542, as the plea was entered prior thereto and we have held that decision was not to be applied retroactively. State v. Abodeely (Iowa, 1970), 179 N.W.2d 347, 352; State v. Vantrump (Iowa, 1969), 170 N.W.2d 453, 454. The record made by the trial court at the time of the plea was adequate by standards then imposed. We would not be inclined to interfere with the trial court's ruling if it were not for the misleading wording in the county attorney's information, not called to the trial court's attention, which lends substance to petitioner's claim he understood the sentence was five, rather than ten, years.

Appellant was charged by county attorney's information with "larceny in the nighttime" contrary to section "709.1" which defines larceny. Section 709.2 provides for an indeterminate sentence of five years. Larceny in the nighttime is defined

in section 709.4 and carries the penalty of not exceeding ten years, which defendant received. It is entirely possible his attorney in looking at the indictment told him the penalty would be five years imprisonment. The record shows the trial court in accepting the plea of guilty did not advise him of the penalty for larceny in the nighttime.

Section 663A.6 contains the sentence: "Disposition on the pleadings and record is not proper if a material issue of fact exists." The record made is not complete enough to eliminate a fact issue as to defendant's misunderstanding as to the maximum possible sentence. There is no way to determine whether there is any merit in petitioner's allegations without an evidentiary hearing under section 663A.7. See State v. Mulqueen (Iowa, 1971), 188 N.W. 2d 360.

Defendant asks his guilty plea and judgment thereon be set aside. We do not consider this to be appropriate relief under this record. We therefore reverse the trial court's dismissal of petitioner's application for postconviction relief and remand the matter to the trial court for further proceedings in accordance herewith.

Reversed and remanded.

All Justices concur.