**STATE of Iowa, Appellee,**

v.

**Lloyd KEPHART, Appellant.**

**No. 55288.**

Supreme Court of Iowa.

Nov. 15, 1972.

James Furey, Carroll and Harold Brown, Sac City, for appellant.

Richard C. Turner, Atty. Gen., Richard N. Winders, Asst. Atty. Gen., and Jim K. Graven, County Atty., Sac City, for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, REES and REYNOLDSON, JJ.

REES, Justice.

This is an appeal from an order and judgment of the court denying postconviction relief.

On January 5, 1967 an information was filed in the district court of Sac County

charging defendant with forgery. On December 13, 1966 a preliminary information was filed in the court of a justice of the peace in and for Jackson Township in Sac County accusing defendant of having forged a check on December 9, 1966. The transcript of the criminal docket of the justice of the peace, which was filed in the office of the clerk of court of Sac County on January 5, 1967, indicates the defendant appeared before the justice in custody of the sheriff on January 4, 1967, and that the justice read the information to him and advised him of his statutory rights, after which the defendant indicated he wanted to consult an attorney. Bond was fixed, and in default of its being posted the defendant was held in jail to appear before the justice on the following day, January 5, 1967.

The transcript of the justice further discloses that at 10:30 a. m., on January 5, the defendant, being then before the justice, Attorney John Schulte was appointed to represent him, and the record shows, "After consulting with his Attorney the defendant waived any preliminary hearing and is hereby bound over to the Sac County District Court."

County attorney's information was filed on the same date: January 5, 1967, and at 2:35 p. m. on the same date defendant appeared with his counsel Mr. Schulte in district court before the Honorable A. J. Braginton. County attorney Mr. Mather was also present.

We deem it advisable to set out in full the proceedings which then transpired, which are as follows:

"THE COURT: This is criminal cause number 1190, State of Iowa versus Lloyd Kephart. Is this Lloyd Kephart?

MR. SCHULTE: Yes, this is the defendant.

THE COURT: Mr. Kephart, the county attorney of this county has filed a county attorney's information against you charging you with forgery in connection with a bank check. The Court understands that Mr. Schulte has been discussing this matter with you, and the Court has appointed him to represent and appear for you in these proceedings. Now is that appointment satisfactory with you?

MR. KEPHART: Yes, sir.

THE COURT: I believe we are ready to proceed then with the arraignment of Lloyd Kephart. Is there any reason, Mr. Kephart, that you know of, or Mr. Schulte, that this Court should not proceed with the arraignment at this time?

MR. SCHULTE: Nothing.

THE COURT: You do not desire more time in connection with that? I mean do you desire this Court to put off this arraignment at this time?

MR. KEPHART: No, sir.

THE COURT: We will proceed with the arraignment. The County Attorney may read the county attorney's information to the defendant.

(Mr. Mather then read the information.)

THE COURT: You having heard this information read to you, have you had an opportunity to examine the same, Mr. Kephart?

MR. KEPHART: Yes, Your Honor.

THE COURT: Are you charged in your right name?

MR. KEPHART: Yes, I am.

THE COURT: Under the statutes of this state you are entitled to time, that is, to enter a plea to this charge. It would be the duty of this Court to fix the time not less than one day hence from this date for you to enter a plea. However, you could waive that if you desired, if the Court was certain that you understand fully what you are doing in that regard, and the Court felt that you really desire to enter a plea at this time. Mr. Schulte, have you discussed this matter with your client?

MR. SCHULTE: I have had two conversations with Lloyd, and as I understand it he wants to waive the time to plead. However, I would prefer that he would himself waive the time.

THE COURT: He has indicated to you that he wishes to enter a plea at this time?

MR. SCHULTE: He indicated that this is his desire, and he desires to plead at this time.

THE COURT: Mr. Kephart, you have heard what your counsel has said; what is your desire concerning that?

MR. KEPHART: I plead guilty.

THE COURT: Do you want to waive this time? Is that it?

MR. KEPHART: I plead guilty right now and get it over with.

THE COURT: You want the Court to accept your plea at this time rather than fixing a future date for you to enter it, is that right?

MR. KEPHART: Yes.

THE COURT: The Court will accept your plea of guilty at this time, and that is your plea, is it?

MR. KEPHART: Yes, Your Honor.

THE COURT: Mr. Kephart, after you have entered a plea of guilty to a charge, and especially one of this nature, it is the duty of this Court to fix a time for the pronouncing of judgment upon your plea. Now in this state in a matter of this kind the Court must, unless you consent to do otherwise, fix the time for the pronouncing of judgment at least three days hence. There must intervene at least three days. Of course you can waive that time and consent that it be pronounced at this time, but that is entirely up to you and this Court is not asking you to do that. At this time the Court is going to afford you a short recess here for a matter of a few minutes so that you can discuss this matter amongst yourselves. I feel that you should decide, and if you decide you want some time, I would like to make a time in the future that would be more or less convenient to you. This is Thursday; I believe we would have time to take care of this on perhaps next Tuesday. We will just stand at recess here so you can have an opportunity to talk to Mr. Kephart as to what he wishes to do in that regard.

MR. SCHULTE: Your Honor, if it please the Court we would like to waive this time, the three days you refer to, and my client says he would like to get sentence started so he can start serving his time.

THE COURT: Mr. Kephart, you have heard what your counsel has said, is that your wish? You wish to waive time?

MR. KEPHART: Yes, Your Honor.

THE COURT: You are consenting that the Court fix the time as the present time to pronounce judgment upon your plea, is that right?

MR. KEPHART: Yes, Your Honor.

THE COURT: The Court is going to adhere to your desire in that regard, and is going to fix the time for pronouncing of judgment as the present time. Now when you entered a plea of guilty to this charge contained in the County Attorney's Information, it means that you admit that you did, with intent to defraud, make an instrument in writing, the bank check that is referred to in the information. You understand what that means do you?

MR. KEPHART: Yes, Your Honor.

THE COURT: You got the $35.00, did you?

MR. KEPHART: Yes, Your Honor.

THE COURT: Do you have any legal cause to show why judgment should not be pronounced against you?

MR. KEPHART: No, sir.

THE COURT: Is that correct, Mr. Schulte?

MR. SCHULTE: This is correct.

THE COURT: Mr. County Attorney, do you have anything to say in regard to this?

MR. MATHER: Your Honor, in addition to the forgery that is charged in this information, there are three other forgeries which Mr. Kephart has admitted being implicated in, on or about the same date of this one that's charged. We have no intention of filing a criminal charge on those matters inasmuch as we feel that the handling of this one charge will be sufficient. We also have information that Mr. Kephart has been in serious difficulties in the State of Missouri, and has spent some penitentiary time, so that we have to look upon this as a serious matter. I could not recommend any leniency in the judgment of the Court in connection with this matter. That's about all I have to say.

MR. SCHULTE: Your Honor, I would like to add that the total amount of all these checks I don't believe total $140.00, not over $140.00.

THE COURT: How old a man are you, Mr. Kephart?

MR. KEPHART: Twenty-five, sir.

THE COURT: Are you from Sac County?

MR. KEPHART: No, sir.

THE COURT: Where has your home been?

MR. KEPHART: Rockport, Missouri.

THE COURT: Rockport?

MR. KEPHART: Yes, sir.

THE COURT: Are you married?

MR. KEPHART: Yes, sir.

THE COURT: Do you have any children?

MR. KEPHART: One.

THE COURT: Where is you family?

MR. KEPHART: Rockport, Missouri.

THE COURT: How are they living?

MR. KEPHART: Right at the present time they are staying with my grandmother.

THE COURT: It will be the judgment of this Court that the defendant be committed to the State Men's Reformatory at Anamosa, Iowa, at hard labor, for a period of not to exceed ten years, and that he pay the costs of this action to be taxed by the clerk. Defendant's bond for appeal is fixed at $2,500.00. I might say to you, Mr. Kephart, maybe this has been told to you before, but in Iowa that is an indeterminate sentence. When a sentence of ten years is given, that doesn't mean you are going to serve ten years. We have what is known as an indeterminate sentence law in criminal matters in this state. It means that our parole board has jurisdiction to shorten this time. In addition to that, our statutes do provide for time off for good time, meaning that if you go down there and do what's right you automatically get credit on your sentence. I'm at a loss to understand this, you don't look to me like a fellow who should be in the penitentiary, nevertheless, when you go down there you will have an opportunity to shorten your time, and that is going to be strictly up to you. The parole board can let you out much sooner than the normal time. As I understand, the serving of this with the good time off would take four years and nine months to serve a ten year sentence. If you do what's right down there it would be much less, I'm sure, but that is entirely up to you. Based on what the County Attorney said concerning your record perhaps you know more about it than I do, nevertheless, it's up to you. I believe that's all."

These proceedings were thereafter instituted on October 8, 1970, when defendant filed in the district court of Sac County his petition to vacate judgment under the provisions of the postconviction procedure

act. The issues were joined by the State filing answer and the matter proceeded to trial and hearing.

Upon the trial of the postconviction proceedings, the defendant denied ever having been before the justice of the peace. He insisted he had been induced to enter a plea of guilty to the information charging him with forgery because it had been represented to him that if he did not plead guilty he would be charged with being a habitual criminal. He complained that the shortness of time between the appointment of his counsel Mr. Schulte and the arraignment was such as to deny him the right of assistance of counsel in violation of the due process clauses of the Sixth and Fourteenth Amendments to the Constitution of the United States and of section ten of article one of the Constitution of the State of Iowa.

Defendant's court-appointed counsel testified, as did Mr. Mather, the county attorney of Sac County in 1967, who had filed the information. Neither had any recollection of any discussion with defendant concerning information being filed against him under the habitual criminal act. Mr. Schulte testified that he never at any time advised or counseled the defendant to enter a plea of guilty and that the determination so to do was that of the defendant solely and absolutely.

The trial judge who heard and disposed of the application for postconviction relief was the same judge who imposed the sentence upon the defendant in the first instance. After hearing on the petition for postconviction relief, the court found no merit in any of the defendant's contentions and dismissed his petition.

The defendant now assigns three errors upon which he relies for reversal: I. Trial court erred in accepting defendant's plea of guilty and imposing sentence without addressing the defendant personally and determining that such plea was (a) voluntary; (b) made with knowledge he thereby waived his right to jury trial; (c) made with an understanding of the charge; (d) made with knowledge of the penal consequences; and (e) that there was a factual basis for the plea. II. Conviction of the defendant for forgery upon his plea of guilty is erroneous where defendant waived preliminary hearing without assistance of counsel. III. Conviction of a felony is invalid where speed and brevity of prosecution deprived the defendant of the assistance of counsel.

█ I. It is to be remembered the proceedings involving the entry of defendant's plea of guilty, his waiver of time for imposition of sentence, and the imposition of sentence all occurred on January 5, 1967. The defendant now contends that under the requirements of State v. Sisco (Iowa 1969), 169 N.W.2d 542; McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418; and Boykin v. State of Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, the trial court erred in accepting defendant's plea of guilty and imposing sentence.

The plea of guilty in this case is not governed by the standards laid down in State v. Sisco, as we have held that decision was not to be applied retroactively. Melka v. Haugh (Iowa 1971), 190 N.W.2d 834, 835; State v. Abodeely (Iowa 1970), 179 N.W.2d 347, 352; State v. Vantrump (Iowa 1969), 170 N.W.2d 453, 454; and see Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16. The record made by the trial court, which is set out in full hereinabove, was adequate by standards imposed prior to *Sisco*.

We therefore find no merit in defendant's first assigned error.

II. In his second assignment of error, defendant asserts his conviction for forgery upon his plea of guilty is erroneous because he waived preliminary hearing without assistance of counsel. We do not feel this is a fair reflection of the record and that the trial court might well have determined factually that defendant was represented by counsel at the preliminary

hearing and, acting on advice of counsel, waived hearing.

Defendant relies on Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387. In *Coleman*, the Supreme Court, in vacating a conviction in an Alabama case, held that a preliminary hearing was a critical stage of the State's criminal process at which an accused was entitled to aid of counsel. Coleman v. Alabama was decided by the United States Supreme Court on June 22, 1970, over three years following defendant's conviction and sentence here. *Coleman* was held (by the case of Adams v. Illinois, 405 U.S. 278, 92 S.Ct. 916, 919, 31 L.Ed.2d 202) not to have retroactive application.

We therefore conclude there is no merit in defendant's contention in this regard.

III. The proposition raised by defendant in his third assignment that his conviction of a felony is invalid because the speed and brevity of the prosecutorial processes deprived him of effective assistance of counsel, we feel is also without substantial merit.

The defendant was no stranger to the criminal court. He testified in response to a question put to him by his own counsel that he had been three times convicted of felony in the State of Missouri. In addition, defendant was accompanied at the entry of his plea by his appointed counsel, whose effectiveness he now challenges only on the basis that his arraignment, plea, and sentencing were all disposed of with more dispatch than he now feels proper.

We cannot conclude here the trial court acted improperly, although arraigning the defendant, accepting his plea, and imposing sentence all at one hearing and on the same day is not a procedure that should be followed. The burden is on the defendant here to establish the fact the disposition of his case with such dispatch is a circumstance entitling him to prevail in this proceedings.

We find no error in trial court's determination that defendant's petition for post-conviction relief should be denied, and affirm the trial court.

Affirmed.