**IN THE COURT OF APPEALS OF IOWA**

No. 15-1532
Filed June 29, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CLYDE E. SQUIRES,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Jackson County, Joel W. Barrows (plea) and Thomas G. Reidel (sentencing), Judges.

        Clyde Squires appeals his sentence and claims he received ineffective assistance of counsel.  **AFFIRMED.**

        Stuart G. Hoover of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

Clyde Squires pled guilty to conspiracy to manufacture methamphetamine and gathering where controlled substances are unlawfully used. The district court sentenced him to concurrent prison terms not exceeding ten and five years, respectively. On appeal, Squires contends the district court abused its discretion in sentencing him to prison rather than granting him a suspended sentence. He also contends his attorney was ineffective in allowing him "to enter a plea of guilty after being improperly influenced regarding the likely outcome of sentencing which rendered [his] plea unknowing and involuntary."

The district court gave the following reasons for imposing prison time:

> Mr. Squires, there's good and bad in your life. . . . You've had a problem with alcohol, as your attorney outlined, that led to prior felony convictions. You did seem to have a long gap though from approximately 1997 to 2015 with no criminal convictions. [T]here's a history of you not being successful in community-based services, having had your probation revoked twice—revoked once and then violating your probation two additional times, actually. You were cooperative with the PSI.
>
> . . . .
>
> I've given serious consideration to your request for probation and have considered the long gap you had from 1997 to 2015, but ultimately, I believe that the best way to maximize your rehabilitation is . . . with a term of incarceration. I believe that will allow you to get the treatment you need in a manner that will prevent relapse or temptation, and I believe it will also deter others in the future from similar conduct. I consider the nature of the offense[s], . . . and the fact that you . . . placed other members of the community at risk by exposure to these drugs. The Court finds, for those reasons, that incarceration is appropriate in this case.

We discern no abuse of discretion in this statement of reasons. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) ("We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure.").

We turn to Squires' ineffective-assistance-of-counsel claim. Squires argues his attorney, the sheriff, and a jailer told him he would receive a suspended sentence and these representations "improperly influenced [him] to enter a plea of guilty." *See State v. Whitehead*, 163 N.W.2d 899, 902 (Iowa 1969) ("A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void."). In his view, his attorney was ineffective in allowing him to plead guilty under these circumstances.

Generally, we preserve this type of claim for postconviction relief to allow counsel the opportunity to weigh in. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). We do so here.

We affirm Squires' judgment and sentence and preserve his ineffective-assistance-of-counsel claim for postconviction relief.

**AFFIRMED.**